## MRS. M. J. MURPHY *v.* CITY OF MERIDIAN.

[60 South. 48]

1. COURTS. *Chancery. Transfer of causes. Concurrent jurisdiction. Constitutional law. Mutual accounts. Municipal corporations. Change of street grade. Measure of damages.*

Under Constitution 1890, section 162, so providing, where a case is brought in the chancery court whereof the circuit court has exclusive jurisdiction, the case should not be dismissed but transferred to the circuit court.

2. EQUITY. *Concurrent jurisdiction. Constitutional law. Mutual accounts.*

Section 161, Constitution 1890, applies to causes whereof the circuit and chancery courts have concurrent jurisdiction, in which event, should it appear to the circuit court that the "accounts to be investigated are mutual and complicated," that court may on application of the defendant transfer the cause to the chancery court, but this section has no application to a suit for damages caused by the laying of a pavement and change of grade in which it is alleged that it was necessary for plaintiff to raise her residence, surface her yard, etc., as in such case there are no such mutual and complicated accounts to be investigated as is contemplated by said section.

3. APPEAL AND ERROR. *Reversal. Mistake as to common law or equity jurisdiction. Constitution 1890, section 147.*

Section 147, Constitution 1890, providing that the supreme court may not reverse or amend a decree "for any error or mistake as

to whether the cause in which it was rendered was of equity or common law jurisdiction," only applies where the court below had assumed jurisdiction of the cause and granted or denied relief, but has no application where the court below decided to decline jurisdiction at the start and dismissed the case, because of want of jurisdiction.

4. MUNICIPAL CORPORATIONS.   *Change of grade.   Measure of damages.   Evidence.*

In a suit for damages against a municipal corporation for changing the grade of a street, evidence of the cost of raising plaintiff's residence, surfacing her yard, laying a walk, etc., is admissible in establishing her damage.

APPEAL from the chancery court of Lauderdale county. HON. SAM M. WHITMAN, Chancellor.

Bill by Mrs. M. J. Murphey against the city of Meridian. From a decree dismissing the bill, plaintiff appeals.

The appellant brought suit in the chancery court for the purpose of righting certain alleged wrongs and adjusting certain alleged damages set up in her bill of complaint against the city of Meridian, growing out of the laying of a pavement on the street in front of her residence, whereby the grade was changed, leaving appellant's residence below the grade of the street and sidewalk. The bill prays for an accounting to ascertain the amount of the damage done her and to make her whole, alleging that it will be necessary to raise her residence, surface her yard, and lay a walk, and various other things. The chancellor sustained a demurrer and dismissed the bill on the ground that the bill on its face showed that it was not properly brought in the court of chancery, but belonged to the circuit court.

*G. Q. Hall, Hall & Jacobson,* for appellant.

The prayer of the bill is for an accounting of the damages imposed by means of the acts complained of and the amount ascertained that will be necessary to restore her premises to the like conditions in all respects, in which

they were before the said change of grade was made in said street and sidewalk, to wit, cost of restoration of curb, restraining water, refilling of lot so as to restore it to its proper elevation, expense of elevating her residence and other buildings to a like condition with referecne to the present grade as they sustained with reference to the former, rebuilding and extention of chimneys and pillars, expense of restoration of her premises in all respects to their previous state and condition.

The second paragrpah of the prayer has relation to the outlay made and expenses incurred by her in consequence of former change in grade.

Then with those facts ascertained the third paragraph prays that by mandatory injunction or other proper order, defendant be directed as to what things it shall do, and how and in what time they shall be done and what amount of cash shall be paid plaintiff; or in the alternative, a personal decree for the amount found necessary to be done to make her whole.

And for general relief. In other words as adequate remedy is afforded only by a court of equity by specific performance through the medium of mandatory injunction, or other appropriate order, the remedy at law in damages is wholly inadequate. The remedy at law must be in all respects as adequate and efficient as that in equity, before a party seeking relief in the latter court should be driven therefrom into the former jurisdiction with its more rigid, inflexible, and artificial rules. Of course, the court of chancery has jurisdiction of the subject-matter and can administer relief. This case does not belong to the class of cases of which that court has exclusive jurisdiction, but to the class of cases of which law and equity have concurrent jurisdiction. When jurisdiction is concurrent the test is not one of jurisdiction, but whether a court of chancery should exercise the jurisdiction which it possesses. The test of whether it should do so or not is "whether the legal remedy is, under the

circumstances, full, adequate and complete." 1 Pom.
Eq. Jur. (3 Ed.), sec. 136 to 142.

We trust, upon a careful consideration of the facts and
of the principles involved in this case, the court will
agree, 1st, that we have stated the cause of action, and
2nd, that it is one of equitable cognizance.

*C. T. Williamson*, for appellee.

There is no mutual account between the parties shown
and no complications calling for equitable relief. As I
understand the law, a bill for an accounting will not be
entertained for accounting where the account is not a
mutual one and not then unless it is complicated render-
ing equitable relief necessary. 6 Pomeroy's Equity
Jurisprudence (3 Ed.), par. 962 to 935 inclusive; Sec.
556, Code of 1906; Sec. 161, Constitution.

The matters and things with reference to which the
appellant desires an accounting are simply items of dam-
age, in no way peculiar and for which damages may be
assessed by a jury to the full extent. A contractor, or
other intelligent person, with the least experience in build-
ing and constructing houses can accurately figure as to
the necessary cost of raising the appellant's house to
conform to the new grade, together with all the other
items of damage complained of. There is not the slightest
trouble in recovering full compensation in a court of
law, provided the appellant can make out her case, and
for all the matters and things complained of in the bill
there is a full, complete and adequate remedy at law.
When this is true, a chancery court has no jurisdiction
of the subject-matter of the litigation, but the party in-
voking the jurisdiction of the chancery court will be rele-
gated to a court of law. This principle is so thoroughly
established, I deem it unnecessary to cite authorities.

The appellant's bill purports to seek specific perfor-
mance as a relief. I submit that, in order for the chancery
court to grant the relief prayed for, appellant

must show a contract and such a contract that the court may decree a specific performance thereof. I submit that the bill does not show such a contract. It relies on certain correspondence with J. W. Parker, mayor of the city. It does not appear that the mayor had any right or authority to enter into such contract, or any contract whatsoever, binding on the city, even if a formal contract was shown by the bill. All contracts executed by appellee must be made by ordinance and approved by the mayor. Section 5 of an Act of the legislature amending the charter of the city of Meridian, approved April 4, 1874; Acts of Legislature, 1874, page 173, etc.

Moreover it appears from the bill that no contract was actually made. The correspondence which are exhibits to the bill shows only complaints on the part of appellant and respectful and courteous response thereto by the mayor with a final disagreement as to what was necessary to be done and what was actually done; therefore I submit that the court could not have granted a decree for specific performance. 6 Pomeroy's Equity Jurisprudence (3 Ed.), sec. 744-745.

Again, contracts to be specially performed must be accurate, definite and certain, and the contract and agreement set forth in the bill upon which the appellant purports to seek specific performance is not certain nor definite. *Bomer Bros.* v. *Canady*, 79 Miss. 222, where the court said:

"Courts can only proceed in cases like this when the parties have themselves agreed upon all the material and necessary details of their bargain. If any of these are omitted, or left obscure or undefined, so as to leave the intention of the parties uncertain respecting the substantial terms of the contract, the case is not for specific performance." Again specific performance will not be decreed when the complaining party has a full, complete and adequate remedy at law. *R. R. Co.* v. *Payne*, 93 Miss. 50.

Learned Counsel predicates his rights upon the provision of section 17 of the Constitution of the state, which prohibits the taking or damaging of private property for public use except on due compensation being first made to the owners of the property. That section provides only for compensation for the taking and consequential damage and gives no right to the injured party to enforce a restoration of the *status quo*. Counsel argues that he could have first sued out a writ of injunction—that is conceded—because the proceedings would have invoked the recognized, exclusive jurisdiction of the chancery court, and under proper allegations and proof the relief would have been readily granted, predicated upon the expressed provisions of the Constitution. Even if that course had been taken, the judgment or decree would not have been for a restoration of the *status quo*, but for a monied compensation. Whatever might have been the cause of appellant not filing a bill for injunction in season cannot add to appellant's rights now, nor vest her with any higher claim to chancery jurisdiction.

Counsel for appellant insists that the case at bar comes within the concurrent jurisdiction of the chancery court, and in support of his contentions cite 1 Pomeroy's Equity Jurisprudence (3 Ed.), sec. 136 to 142. That authority lays down two classes of cases, in which the chancery court may exercise concurrent jurisdiction with courts of law, the first being where the estate, title, or interest is legal and the subject-matter of the suit or thing which occasions the right or remedy may be within the cognizance of law courts, but that the law court in its procedure and remedies is inefficient to administer complete justice, which can only be had in equity. The second class being where the primary wrong to be redressed is legal and the relief is of the same kind as that given at law, but the special circumstances of the case or from inherent defects of legal procedure rendered the law court unable to administer a full, complete and adequate remedy, then

equity assumes jurisdiction. The authority proceeds to cite examples of each class, which readily distinguishes the instances calling for the exercise of concurrent equity jurisdiction from the case made out by the pleadings now under consideration.

COOK, J., delivered the opinion of the court.

This suit was begun in the chancery court. From an inspection of the bill of complaint it appears that the circuit court has exclusive jurisdiction of the cause, and the chancery court was right in so holding. However, the cause should not have been dismissed, but should have been transferred to the circuit court. The section of the Constitution applicable here is as follows: "Sec. 162. All causes that may be brought in the chancery court whereof the circuit court has exclusive jurisdiction shall be transferred to the circuit court."

Section 161 applies to causes whereof the circuit and chancery courts have concurrent jurisdiction, in which event, should it appear to the circuit court that "the accounts to be investigated are mutual and complicated," "that court may, on application of the defendant, transfer the causes to the chancery court." This cause is not within the class referred to in the last-named section of the Constitution.

Neither does section 147 of the Constitution apply to the cause made by the bill of complaint. That section merely provides that the supreme court may not reverse or annul a judgment, or decree, "from any error or mistake as to whether the cause in which it was rendered was of equity or common law jurisdiction." If the chancery court had assumed jurisdiction of this cause, and decreed or denied relief, then that section of the Constitution would come into play and would be controlling with this court. It will be observed that the chancery court declined to take jurisdiction, and dismissed the cause because of want of jurisdiction. In our view of the Con-

stitutional scheme, the chancery court thereby defeated the purpose of the Constitution.

It is visibly clear that section 162 was designed to meet a case precisely like this. The complainant, by his bill, makes a case whereof the circuit court has exclusive jurisdiction; and, when the chancery court decided to decline jurisdiction, section 162 is mandatory, and the chancery court should have transferred the cause to the circuit court for trial.

We think it proper to add that the measure of damages adopted by the bill of complaint may be one of the evidential facts by which the damages may be established, and may be used as such for that purpose.

Reversed and remanded, with instructions to the chancery court to transfer the cause to the cirrcuit court

*Reversed and remanded.*