JEFFERSON DAVIS COUNTY *v.* BURKETT ET AL.

[69 South. 221.]

1. HIGHWAYS. *Construction and repair. Contracts. Single contract. Work by road hands. Partial payment. Appeal and error. Records. Demurrer.*

Under Code 1906, section 4465, providing that the board of supervisors of any county may work the public roads or any part thereof by contract, and giving the supervisors discretion to let each road or subdivision thereof, or all the roads in the supervisors' district, under separate contract or contracts, the supervisors can let one contract for all the roads in the county. This statute enlarges the provisions and power conferred by section 4441, under which such a contract could not have been made.

2. HIGHWAYS. *Construction and repair. Contract. Work by road hands.*

Notwithstanding section 369, Code 1906, declares that all contracts in violation of any provision of law shall be void, a contract for the working of county roads is not void because it does not refer to the provisions of Code 1906, section 4470, giving any road hand the right to work under a road contractor, for which the board shall receive allowance from the contractor, and shall make provision therefor in letting the contract, since the law writes into such contract the provision of section 4470.

3. HIGHWAYS. *Construction and repair. Contracts. Partial payments.*

Since the amendment of Code 1906, section 4472, by Laws 1912, chapter 244, which makes it the duty of each supervisor to in-

spect the work done on public roads by contract in his district and which expressly provides that it shall not be necessary to inspect such work by committees, as provided for in section 363, the provision of the latter section, prohibiting payment by installments for public work, does not apply to a contract for the contruction and continuous repair of the roads of the county and such a contract is not invalid because it requires fifty per cent, of the contract price to be paid on the first Monday of July of each year; twenty-five per cent on first Monday of October, and the balance on first Monday of January.

4. APPEAL AND ERROR. *Record. Grounds of ruling. Demurrer.*

When a demurrer to a bill on several grounds, among them the want of equitable jurisdiction, was sustained by the chancellor without stating the grounds of his decision and an appeal was granted by him to settle the principles of the case, such an order does not indicate that the chancellor was of the opinion that the chancery court was without jurisdiction but on the contrary shows affirmatively that he did assume jurisdiction of the case, otherwise, it would have been his duty to transfer the case to the proper court, or grant complainant a dismissal upon proper request therefor.

5. SAME.

In such case on appeal, where the case is reversed and remanded, it will be without any limitations, on the right of the court below to decline to assume jurisdiction or transfer the case to the circuit court.

APPEAL from the chancery court of Jefferson Davis county.

HON. R. E. SHEEHY, Chancellor.

Suit by Jefferson Davis county against B. G. Burkett and another. From an interlocutory decree sustaining demurrers to the bill, complainant appeals.

The facts are fully stated in the opinion of the court.

*McIntosh Bros.* and *Livingston & Milloy,* for appellant.

*G. Wood Magee, J. E. Parker* and *Wm. M. Hall,* for appellees.

STEVENS, J., delivered the opinion of the court.

In December, 1911, the board of supervisors of Jefferson Davis county entered an order upon its minutes

electing to have all the public roads of the county worked by contract, and providing for the submission of bids by proposed contractors. The order provided that, in letting the contract, the proposal should first be for working the public roads by districts, and then all the roads offered as a whole; and that, if the bids by districts were cheaper, then the board would let separate contracts for the several districts, but that, if the price bid for all the public roads of the county was cheaper, then all the roads would be let in one contract. At a subsequent January meeting, 1912, the board decided it best to let all the roads under one contract, and accordingly directed its clerk to advertise for bids for the work as a whole. Due advertisement was made, and B. G. Burkett, one of the appellees, submitted the successful bid and was awarded the contract for working all the public roads of the county, commencing March 1, 1912, and ending January 1, 1916. The bill of complaint in this case avers that the roads "were ordered to be let by contract under and in pursuance of the provisions of the last eleven sections of chapter 123 of the Code of 1906 and amendments thereto." Mr. Burkett, the contractor, was required to enter into bond in an amount equal to the price of his contract, and accordingly the United States Fidelity & Guaranty Company, the other appellee herein, became his surety. The bill filed by the board of supervisors against the contractor and his surety further charges that Mr. Burkett took charge of the road and began operations, and continued work under his contract until on or about the first Monday in October, 1912, "when without any cause, legal or equitable, he fraudulently and wrongfully abandoned his said contract and refused absolutely to comply any further therewith, giving as his sole reason for abandoning said contract that the same was illegal and not binding upon either of the parties, and further that he was losing financially and it was impossible for him to carry

out the contract.'' This action was thereafter instituted by the county against the said contractor, by the filing of a bill in equity setting forth the contract and the alleged breach thereof and claim for damages. Separate demurrers were interposed, submitting several reasons why complainant should not recover, and amongst other grounds of demurrer are the following, and the only ones necessary to be dealt with in this opinion. The surety submitted:

''First. There is no equity in the bill. . . .

''Fourth. The bill shows upon its face that the defendant Burkett, this defendant's principal, had the right to abandon the so-called contract because it was void in law under Code, sec. 369, because in violation of those provisions of law with reference to such contracts in Code, secs. 363, 4441, 4465, 4468, and 4470; and the bond executed by this defendant guaranteeing the performance of such contract was void and is unenforceable. . . .

''Sixth. This defendant is not liable, even though said contract is valid and binding between said Burkett and the board of supervisors, because said bill shows upon its face that payments were made to said Burkett by said board contrary to the law and contrary to said contract, and defendant was and is thereby discharged from said bond.''

Burkett submitted:

''First. There is no equity in the bill of complaint. . . .

''Second. There is a full, complete, and adequate remedy in a court of law. . . .

''Fifth. The bill shows that the alleged contract is illegal and void, for the reason that the same is in conflict with sections 361, 362, and 363 of the Code of 1906.

''Sixth. The bill shows that the alleged contract is illegal and void because in conflict with section 4465 of the Code of 1906.

"Seventh. The bill shows that the alleged contract is illegal and void because in conflict with section 4470 of the Code.

"Eighth. The bill shows the alleged contract to be illegal and void because in conflict with section 4468 of the Code of 1906."

The demurrers were sustained by the chancellor, and, upon application, an appeal was granted to this court "to settle the principles of the case."

The power of the board of supervisors to award the contract in question is measured by section 4465, Code 1906, enacted for the first time by the adoption of the present Code. This section enlarges the provisions and power theretofore conferred by section 4441, and the case of *State* v. *Vice,* 71 Miss. 912, 15 So. 129, construing section 4441, and now relied on by appellees, is not controlling. The language employed in the first sentence of section 4465 is different from the language employed in the first sentence of the older statute (4441), and its meaning appears plain and unambiguous. It declares that:

"The board of supervisors of any county may work the public roads or any part thereof by contract."

Subsequent language in the act confers a discretion upon the board to let "each road or subdivision thereof, or all the roads in a supervisor's district," under a separate contract or contracts but the letting of these separate contracts is not imperative. We hold, therefore, that the contract in question is not violative of section 4465, and that this section must control.

Section 4470, Code 1906, as amended by chapter 243, Laws 1912, confers the right upon any road hand "to perform eight days of work under the contractor, for which the board shall receive allowance of three dollars on contract, and make provisions therefor in let-

ting of contract." It is contended that the contract now in question failed to "make provisions therefor," and that therefore, under the concluding language of section 369, providing for the letting of public contracts, and declaring that "all contracts made in violation of any of the provisions of law shall be void," we must declare the entire contract of Mr. Burkett illegal and void. We cannot give to this reasoning our judicial sanction. Section 4470 was enacted for the benefit of the individual road hands who were not direct parties to the contract here in question. We think the contract between the county and Mr. Burkett should be held to have been made with full knowledge of this statute, and of the rights therein conferred upon the road hands; and that section 4470, as amended by Laws 1912, was written into and formed a part of the contract in question, so far as the interests of appellees are concerned, although direct reference thereto may not have been made in the written contract itself.

We do not regard the sixth ground of demurrer, interposed by the surety company, well taken. We take it that complaint is made by this ground of demurrer to that provision of the contract which provides that the contractor shall be paid fifty per cent. on the first Monday in July, 1912, twenty-five per cent. the first Monday in October, and twenty-five per cent. the first Monday in January, 1913, for the first year's operation, "when said roads shall be inspected and received by the committee appointed by the board of supervisors." The provision for inspection in section 363, Code 1906, is amended by section 4472, Code 1906, as amended by chapter 244, Laws 1912. Chapter 244, Laws 1912, makes it the duty of each supervisor to inspect the roads worked by contract in his district, and to make quarterly reports to the board, and expressly provides that:

"It shall not be necessary to inspect work on any public road by committees, as provided for in section 363."

The contract here in question contemplates and expressly provides for inspection before each quartely payment is made, and the fifty per cent. payment to be made on the first Monday in July, 1912, could be justified by other provisions in the contract requiring hills to be graded, ditches dug, stumps and roots to be taken out, the center of the road to be raised to a certain grade and the sides sloped to a certain grade, overhanging brush or timbers to be removed, certain bridges to be constructed, and other work to be done of more or less permanent nature in the first operations before the roads should be in proper and safe condition for travel, and before they would measure up to the plans and specifications required to be maintained during the life of the contract. It is a matter of common knowledge that public roads, worn and torn by constant traffic and travel and damaged by the rains and floods of the seasons, must in a large sense be rebuilt every year in order to be kept up to the grade and specifications agreed upon; and the contract in this case devolves the duty upon the contractor, in a measure, to construct roads and at all times during the life of the contract to maintain them according to his contract. We do not think, therefore, that section 363, prohibiting payment by installments for public work, applies in this case. This is a contract, not only for constructive work, but for the continuous repair and maintenance of the roads from day to day and month to month during the long period provided for. Any question of the failure to inspect the roads before payment of any particular installment is not a question presented by this demurrer.

We see nothing illegal about the contract in question, and think the court below in error in sustaining the demurrer.

The question of jurisdiction of the chancery court was expressly raised by one ground of the demurrer,

but it appears that the learned chancellor below assumed jurisdiction and decided the questions of law relating to the merits of the case, and simply granted an appeal from his interlocutry decree in order for this court to settle the principles of the case.   It is manifest, therefore, that the chancellor did not sustain this demurrer, because he was of the opinion that the chancery court was without jurisdiction.   All the briefs for both sides appear to concede that the court attempted to adjudicate the merits of the case.   The decree appealed from purports to be an interlocutory decree.   The chancellor did not undertake to dismiss the bill, but granted an appeal to settle the principles of the case. Such appeal amounts to a certification of the questions of law involved on the merits of the case to this court for adjudication.   If the chancellor had declined jurisdiction, his decree would have been one completely dismissing the bill and transferring the cause to the circuit court in accordance with section 162 of the Constitution.   This is in line with the holding of this court in *Murphy* v. *City of Meridian,* 103 Miss. 110, 60 So. 48. We prefer to hold that where an order of this kind appealed from does not indicate the ruling of the chancellor on the jurisdictional question, but, on the contrary, grants an appeal to settle the principles of the case, the record must be held to show affirmatively that the court below did assume jurisdiction of the case.   Otherwise, it would have been the duty of the chancellor to transfer the case to the proper court, or grant the complainant a dismissal upon proper request therefor.

Let the case be reversed and remanded, the demurrers overruled, and appellees granted leave to answer the bill within thirty days after receipt of mandate by the clerk of the court below, without any limitations, however, on the right of the court below to decline to assume jurisdiction or transfer the case to the circuit court.

*Reversed and remanded.*

Smith, C. J. (dissenting).

I think the decree of the court below should be affirmed. One of the grounds of the demurrer is that:

"There is a full, complete, and adequate remedy in a court of law for the injury complained of in the bill of complaint."

Appellant's complaint is based upon a pure legal demand, and the bill contains no allegations showing the necessity for resort to equity in order to obtain an accounting. Consequently the ground of the demurrer just set forth is, in my judgment, good, and the court below must therefore be held to have correctly sustained the demurrer. It is true that the decree sustaining the demurrer does not set forth the ground thereof upon which it was sustained, but this is not necessary, and so to do is in fact unusual; the rule being that, if any ground of a general demurrer is well taken, the demurrer must be sustained and the bill dismissed, without regard to the merit or lack of merit in any other ground of demurrer which may have been included therein. A decree sustaining a demurrer in which are included several grounds, one good and the others bad, and which fails to disclose the ground upon which the demurrer was sustained, must be affirmed on appeal to this court, for the presumption is that the court acted upon the proper ground of the demurrer. I do not think it can be said that, because the court below granted an appeal to settle the principles of the case, it thereby overruled the demurrer on the jurisdictional ground and sustained it on others not relating to the jurisdiction. If the court below had overruled the demurrer, I would then think that the decree so doing should be reversed and the cause remanded to the circuit court; but since the decree below sustained the demurrer, but, before making final disposition of the bill, granted an appeal to this court to settle the principles of the case, I think the cause should be remanded, with directions to trans-

fer it to the circuit court, unless the jurisdictional defect is cured by amendment, in event it can be so cured.

Conceding, for the sake of the argument, that my associates are correct in holding that, because the appeal was granted to settle the principles of the case, it therefore appears that the court below overruled the demurrer in so far as the jurisdictional ground was concerned, and decided it on grounds going to the merits, the cause then comes within the provisions of section 147 of the Constitution, and I am of the opinion that the jurisdictional question should be now decided and the case either be remanded direct to the circuit court or to the court below with direction so to do.

I do not understand that the briefs of counsel concede that the court below did not sustain the demurrer on the jurisdictional point; but assuming, for the sake of the argument, that they have so conceded, the cause, I think, should be decided on what appears from the record to have been decided in the court below and not on statements relative thereto in the briefs of counsel; and from the record it appears that the court sustained a demurrer one of the grounds of which is well taken. I express no opinion on the merits.