## SOLOMON SCHWARTZ *v.* RACHAEL G. LIEBER.

MORTGAGES. *Absolute deed. Code* 1892, § 4233. *Statute of frauds. Pleadings. Demurrer. Evidence.*

Under code 1892, § 4233, providing that an absolute deed shall not be shown by parol evidence to be a mortgage where the grantor parts with the possession of the property, a bill in equity to have a deed, absolute on its face, adjudged a mortgage, which charges that it was intended by the parties to be a mortgage, is not demurrable on the grounds—

(*a*) That it does not charge that the maker of the deed retained possession; nor

(*b*) That it does not show that the agreement evidencing the intent was in writing.

FROM the chancery court of, first district, Hinds county.

HON. HENRY C. CONN, Chancellor.

Mrs. Lieber, the appellee, was complainant and Schwartz, the appellant, was defendant in the court below. From a decree overruling defendant's demurrer to the bill of complaint he appealed to the supreme court. The facts are sufficiently apparent from the opinion of the court.

*Green & Green*, for appellant.

Section 4233, code 1892, provides: "A conveyance or other writing, absolute on its face, where the maker parts with the possession of the property conveyed by it, shall not be proved, at the instance of any of the parties, by parol evidence, to be a mortgage only, unless fraud in its procurement be the issue to be tried."

This deed, made part of the bill, is absolute on its face and the grantor parted with the possession, hence it cannot be shown to be a mortgage by parol. Code, *supra; Johnson* v. *Johnson*, 74 Miss., 552.

As a part of his bill, complainant has two letters from defendant, and these are the written instruments on which reliance is placed to take the agreement out of the statute. By § 528 of the code it is provided: "Exhibits filed with a bill, as a part of it, shall be considered, on demurrer, as if copied in the bill." *Hamer* v. *Rigby*, 65 Miss., 44; *Insurance Co.* v. *Holmes*, 75 Miss., 401.

When, as here, the pleader makes averments which are repugnant to the terms of the instrument on which the action is based, and that instrument is a part of that pleading, as an exhibit, then the exhibit will control. *Mortgage Co.* v. *McManus*, 68 Ark., 263.

In *Deposit Co.* v. *Lackey*, 149 Ind., 14, it is said: "It is well settled . . . that, when the allegations in a pleading vary from the provisions of the instrument upon which it is founded, the provisions of such instrument control, and such allegations will be disregarded. *Strengel* v. *Boyce*, 143 Ind., 642–646, and authorities cited; *Reynolds* v. *Louisville, etc., Ry. Co.*, 142 Ind., 597–621; *Avery* v. *Dougherty*, 102 Ind., 443–445; *Hines* v. *Driver*, 100 Ind., 315–317, and cases cited." To like effect, *Association* v. *Plank*, 152 Ind., 196; *Wagner* v. *Maynard*, 649 Ill. App., 244.

Appellee bases her whole case on the two letters annexed as exhibits "B" and "C," and under their terms she must stand or fall. Again, by the demurrer to this bill appellant did not admit the conclusions of the pleader, but only the facts well pleaded.

*Brame & Brame*, for appellee.

Appellee is not required by the statute to show that, at the time the deed was executed, there was a written agreement that it should be a mortgage. It provides that the agreement, though existing at the time of the conveyance in parol, may be shown only by writing to be a mortgage. The written evidence showing the intent or agreement of the parties as to the

nature of the deed may be executed long subsequent to the deed itself.

The statute of frauds does not require that one piece of paper shall contain the memorandum of contract; and it may be in several if the paper signed by the party to be charged makes such reference to the other writing as to enable the court to consider them all together as constituting the terms of the bargain, and parol evidence is admissible to identify the paper referred to and apply the reference. *Wilkinson* v. *Taylor*, 67 Miss., 231; 1 Benjamin on Sales, secs. 220, 221; Reid on Statute of Fraud, sec. 341 *et seq*.

The allegations of the bill, which are admitted by the demurrer, clearly show that, when the deed was executed, it was understood and agreed between the parties that it should be a mortgage. The only question, then, was as to the manner of proving this fact, and the defendant, by his own letter, furnished all the proof that was necessary. He did not say in this letter that he was ready to resell the property to complainant, but he stated the essential fact that, when the deed was executed, it was understood and agreed that, upon payment of $1,050, the amount of the debt, he would reconvey the property.

The true rule, and one which is applicable, is announced in the following well considered cases: *Weathersly* v. *Weathersly*, 40 Miss., 462; *Freeman* v. *Wilson*, 51 Miss., 329; *Klein* v. *McNamara*, 54 Miss., 90.

Argued orally by *Marcellus Green*, for appellant, and by *L. Brame*, for appellee.

TERRAL, J., delivered the opinion of the court.

This is a bill by appellee to have a deed for the conveyance of land, absolute on its face, declared to be a mortgage, and to redeem the property therein conveyed. The appellant demurred to the bill, and, the same being overruled, he appeals. For several reasons, we think the decree correct:

1. Though the deed is absolute on its face, yet there is nothing in the bill to clearly show that appellant took possession of the premises under said conveyance, and the statute (§ 4233, code 1892) requires such proof in writing only when the maker of the deed parts with possession of the property. For aught that appears in the bill, the premises may have been let upon long lease, and the rents may have been merely collected by appellant.

2. If, however, the allegations of the bill fairly support the idea that appellant took possession of the premises thereunder, still the bill specifically alleges that the deed was intended as a mortgage, and the demurrer admits the averment; and certainly it is competent for appellee to show, by any evidence in her power, whether set out in the bill or not, that the appellant has, in writing, admitted said deed to have been intended as a mortgage. The appellee has set out, in exhibit "B" to her bill, what she claims to be a written admission of appellant that the absolute deed was intended as a mortgage. But, if mistaken in that regard, we think, under other averments in the bill, she will be at liberty to show any written evidence of the admission of such fact, though such admission be not specifically set out in her bill by exhibit or othewise, and such admission would be competent and sufficient evidence of such fact. We think the appellee is not required to rest her case solely on the matter contained in exhibit "B" to her bill. And yet, if that be the strongest admission on the part of appellant of which she can make written proof, she still has grounds for laying her contention before the court. She alleges in her bill that, about three years after making the deed here desired to be construed as a mortgage, she wrote appellant, stating her claim that there was an agreement between them that said deed should be considered a mortgage, and that to said letter appellant replied in writing, saying, "When the deed was executed it was understood that, upon the payment of $1,050 [the exact amount of

the debt of appellee to appellant] to me, I would deed the property to" appellee.

Now, the written admission set out by way of exhibit to the bill does, as we are inclined to think, support, more or less strongly, the contention of appellee, and may, of itself, constitute evidence tending to make the required proof. We are not to be understood as passing upon the weight of this admission set up in exhibit "B" to the bill; for we prefer that the chancellor shall get the case well in hand and pass upon it, and then it will be in better shape for our consideration. Certainly the answer cannot be harmful, and we think the bill calls for one.

*Affirmed.*