COLUMBUS BIERCE ET AL. *v.* MORRISON R. GRANT.

[45 South., 876.]

1. CHANCERY PRACTICE. *Appeals. Decrees reviewable. Code* 1906, § 35. *Interlocutory orders.*

   Code 1906, § 35, authorizing appeals from designated interlocutory decrees in equity, does not warrant an appeal from a decree sustaining a demurrer to a cross-bill and dismissing the same unless it requires money to be paid or the possession of property to be changed or be necessary to settle the principles of the case or avoid expense and delay.

2. SAME. *Orders on demurrers.*

   Code 1906, § 35, providing that an appeal may be granted by the chancellor from an interlocutory order or decree in order to settle the principles of the case, authorizes appeals only in causes difficult to be tried, involving important unsettled principles, and courtesy cannot warrant an appeal from an order on a demurrer merely because asked by counsel or litigant.

FROM the chancery court of Lauderdale county.

HON. JAMES L. MCCASKILL, Chancellor.

Grant, appellee, was complainant in the court below; Bierce and others, appellants, were defendants and cross-complainants there. From an interlocutory decree sustaining Grant's demurrer and dismissing appellants' cross-bill they appealed to the supreme court.

Grant, appellee, moved to dismiss the appeal because from an interlocutory decree and not authorized by Code 1906, § 35.

The opinion of the court states the facts fully, and quotes the code section involved.

*R. A. Collins,* and *Witherspoon & Witherspoon,* for the motion.

The appeal in this case is from an interlocutory decree merely. Therefore the only law authorizing appeal, in any event, is found in Code 1906, § 35, authorizing appeal from an interlocutory decree in three instances: first, a decree whereby money is required to be paid; second, where the possession of property is changed, and, third, where the chancellor may think proper, in order to settle the principles of the cause or to avoid expense or delay. Now, inasmuch as no money is decreed to be paid under this interlocutory decree, and inasmuch as it does not order a change of possession of property, it must follow that, unless the third ground alleged is sufficient to allow appeal, the appellee's motion to dismiss the appeal must be granted by this court.

It is impossible to see, under any circumstances, how this appeal can prevent expense and delay. Had it not been for the appeal, the case would have been ready for trial long before now, and this appeal, instead of preventing delay, has necessarily resulted in that very thing. Nor can it be said that the appeal avoids expense, for it is evident that it increases the expense to both parties in litigation, and certainly the appeal is not necessarily nor proper to settle the principles of the case. The matters set up in the cross-bill do not affect the case in any respect, and, no matter how it may be determined, the present appeal cannot have the least effect upon the final decision of the case.

The only question in the whole case is whether or not the municipal authorities had the right to abandon that portion of B street lying between Eleventh and Seventeenth avenues, and to substitute therefor another strip of ground ninety feet from the line of B street, to the damage of the owner of abutting street

property. If the municipal authorities have the right to make such a substitution, then their right would not be increased, diminished or affected by the action of the appellee in removing obstructions from the street. And if it be true that the municipal authorities had no right to close up a portion of B street and to substitute another strip of land therefor, then they certainly did not acquire any such right because the appellee removed the platform and some cars which were obstructing this portion of the street.

It is inconceivable therefore how any principle entering into the solution of this question in issue, or in any way involved in this case, can be settled by appealing from the chancellor's interlocutory decree sustaining the demurrer to the cross-bill and dismissing the cross-bill.

*G. Q. Hall, Hall & Jacobson,* against the motion.

If the views of learned counsel for appellee on their motion to dismiss the appeal because not allowable under Code 1906, § 35, be adopted by the court, irreparable wrong will be inflicted upon the appellants because of appellee's scrupulous regard for the majesty of the law and the gross abuse by appellee of the gracious and extraordinary process of injunction.

Appellee's bill challenged the appellant, Bierce's, right to make use of an unopened street abutted on both sides by his property. On the allegation that this unopened street was a public thoroughfare, an injunction was granted. The answer to the bill for injunction denied that such space was a thoroughfare or roadway, or had ever been opened to public travel, and denied that any property of the complainant, Grant, abutted on any part thereof. The answer was made a cross-bill, and alleged that Grant, whom the cross-bill made a cross-defendant, after he filed his original bill and after securing an injunction, had forcibly entered upon the unopened street space and had forcibly evicted appellants therefrom, and was proceeding by the vigorous use of pick and shovel to convert the same into a

roadway and inviting other people to use it as such. On the theory that no court of equity would tolerate such abuse of its process, and that the court would at least order restoration of the *status quo* before further procedure would be allowed, the cross-complainants, the appellants here, prayed that the chancery court would " grant a mandatory injunction or order directing that the said M. R. Grant restore the premises in all respects to the condition that he found them in, and that he refrain in any manner from disturbing the premises and the use and possession thereof by cross-complainants, or in any way changing the *status quo* pending final adjudication." A demurrer was interposed and sustained, and the cross-bill was dismissed.

The learned chancellor however differed with learned counsel for appellee in that he regarded the principles involved of sufficient importance, and the *vi-et-armis* method of acquiring possession under color of court process of sufficient gravity, to warrant an appeal at this stage of the court proceedings.

WHITFIELD, C. J., delivered the opinion of the court.

Grant filed a bill in the chancery court of Lauderdale county, alleging that a certain street, called " B street," had been dedicated to the public use as a street; that a certain portion of B street embraced between Eleventh and Seventeenth avenues had been obstructed by the appellants by placing therein box cars, platforms, etc., thereby making it impossible for the public to use said street. On the allegations of this bill an injunction was prayed for and granted, restraining the appellants from further obstructing said street until a final hearing of the case. The appellants answered the bill. After the granting of the injunction, according to the allegations of a cross-bill filed by appellants, Grant went with force and arms and removed the obstructions from B street, etc. Thereupon the appellants filed what they call a " cross-bill." This cross-bill recited the history of what had been done in the case and the alleged conduct

of Grant, and then prayed that the chancery court would grant a mandatory injunction directing Grant to restore the said premises in all respects to the condition he found them in, and that he refrain in any manner from disturbing the said premises and the use and possession thereof by the cross-complainants, or in any wise changing the *status quo* pending final adjudication, and further praying that the court would have Grant arrested and punished for contempt. To this cross-bill there was a demurrer upon the grounds that the matters set up in the cross-bill were not matters of equitable cognizance, that the municipal authorities of the city of Meridian alone had the right to deal with Grant for his violations of the law in such trespassing, that the obstructions in B street were public nuisances, subject to be abated by any one interested, and that the charge as to contempt of court was not in the nature of a defense to the suit presented by the original bill, nor any proper issue for a decision in this cause, but that the defendant, Grant, if guilty of contempt, could be proceeded against for that by proper steps taken by the chancery court to that end. This demurrer was sustained, and the cross-bill dismissed; and from this decree, sustaining the demurrer and dismissing the cross-bill, a purely interlocutory decree, the appellants have prosecuted an appeal for the purpose, as alleged, of settling the principles of the cause, and the motion now before us is one to dismiss this appeal, because not authorized by section 35, Code 1906.

That very familiar section is in these words: " An appeal may be granted by the chancellor in term time, or in vacation, from any interlocutory order or decree whereby money is required to be paid, or the possession of property changed, or when he may think proper, in order to settle the principles of the cause, or to avoid expense or delay; but such appeal shall be applied for within ten days after the date of the order or decree complained of; and bond shall be given and approved as in appeals from a decree overruling a demurrer and the chancellor shall determine whether the appeal shall operate as a su-

persedeas or not." It is perfectly obvious that no money is required to be paid by the decree appealed from, nor is the possession of any property changed thereby. It is equally obvious that instead of avoiding expense and delay, this appeal directly increases both the expense and delay in the litigation; and it is quite as obvious as are these two propositions just stated that there are no principles to be settled by an appeal from this interlocutory decree in this case. The matters set·up in this cross-bill constitute no proper matter for cognizance by the chancery court as connected with the litigation set up in the bill and answered thereto. If Grant has been guilty of trespass, he was answerable according to law for such trespass. If his conduct, highly reprehensible, amounted to contempt of court, that matter should have been dealt with as a separate and distinct matter under the proper proceedings, and not have been put irrelevantly in the cross-bill. In short, it is perfectly plain that the chancellor should have refused to grant any appeal from this interlocutory decree.

We desire to take advantage of this occasion to make some observations for the benefit of all the chancellors in the state — not the learned chancellor who granted this appeal, alone — with respect to the great abuse of this section 35 of the Code of 1906. There has grown up a most vicious practice of granting appeals whenever any party losing on demurrer asks the court to allow an appeal for the purpose, as is always said, of settling the principles of the cause. It was never the purpose of this section that the chancellors, out of mere courtesy or complaisance, should grant appeals merely because they were asked for, or insisted upon, by litigants losing on demurrers. Wherever there are difficult causes to be tried, and there are important principles, never before settled in this state, and necessary in particular causes to be settled for the guidance of the chancery court in the proper determination of the cause, there the chancellor should grant an appeal; but, where the principles involved in the determination of the cause have already been

clearly settled in this case, no appeal should be granted from an interlocutory decree passing upon a demurrer. No statute in the entire code of our laws has been so frequently, so palpably, and so grossly abused as has this one. The result is that we are constantly having causes in chancery brought here on piece-meal appeals, where it would be far wiser to develop the whole cause fully, thoroughly, and satisfactorily on the facts making the case, and, after a final decree on the merits of the cause thus developed, to then, by proper appeal, present the various questions reserved in the progress of the trial. The federal courts admit of no appeals to settle principles of a cause. See 2 Bates, Fed. Procedure, § 803, and High Fed. Procedure Cases 495, 496. In the judgment of the writer of this opinion, as will be seen by the amendment suggested by him to the code such an appeal ought never to be allowed, except where there really are principles to be settled, and that is manifested by an agreement in writing signed by both parties to the litigation. If there be really any principles to settle, the party who won below, if a wise lawyer, will consent always to the appeal, himself desiring to have the principles settled as much as the counsel on the other side; and if there really be no principle to settle there never should be any appeal allowed, for all such appeals — that is to say, appeals in which there really are no important principles to settle — add greatly to both the expense and delay of trials, and, instead of having the merits of the controversy settled on one final appeal, present causes in broken and fragmentary shape, in piecemeal fashion, here. It is to be hoped that we will have some legislation amending this section 35, so as to prevent the great abuse, now and for some time past, manifesting itself in respect to this particular class of appeals.

What we have said, of course, is not in the slightest degree intended as criticism of any chancellor in this state. We can well imagine how they are besieged by litigants who wish to appeal, and how much easier it is to be obliging and com-

plaisant, and grant the appeal, rather than deny it. But we do make these observations for the express purpose of enjoining upon the chancellors of the state the greatest care and caution in the granting of these appeals, and their duty of denying them promptly when they do not fall strictly within the terms of the statute. The present case is no more manifest an instance of an appeal improperly granted than many others which we have had, and on which we have often orally commented; but the abuse of this statute by litigants has become so great that we thought it wise and helpful to the chancery system to throw out these observations, that there may be an end of appeals under this statute, save only where the appeals are plainly proper to be granted under the terms of this section 35.

The motion to dismiss this appeal is sustained, and the appeal hereby dismissed.

*Appeal dismissed.*