RUSSELL *v.* CRUMPTON, SHERIFF.

In Banc. Feb. 27, 1950.

No. 37621 (44 So. (2d) 527)

434

**O. O. Weathersby** and **R. S. Tullos**, for appellant.

**J. A. McFarland**, for appellee.

**Smith, J.**

This is a habeas corpus proceeding before the proper Chancellor for enlargement upon bail,—petitioner being under indictment and arrest for murder. The Chancellor's decree contained the following provisions: "It is, therefore, ordered, adjudged and decreed that the demurrer of the defendant, W. L. Crumpton, be and it is hereby sustained and the petition dismissed and the prisoner, Bryan Russell, ordered returned to jail by the defendant W. L. Crumpton, sheriff. It is further ordered that an interlocutory appeal be and it is hereby allowed from this order of the Court to settle the issues of law involved in such case." It will be noted that the petition of appellant was dismissed, but, nevertheless he was granted an interlocutory appeal.

Appellant filed his petition before the Chancellor on the sole ground that the jury in the Circuit Court had disagreed at his trial for murder, resulting in a mistrial, and for that reason he was entitled to bail. Appellee demurred as shown supra, and this demurrer was sustained by the Chancellor for the reason that the petition failed to allege any ground for relief, and because it affirmatively alleged grounds for his detention that "are legal and binding and made it mandatory on the part of the sheriff to hold said prisoner without bail."

██ Interlocutory appeals to settle all the general and controlling principles of the case are governed by Section 1148, Code 1942. We have declared that such appeals should not be granted where principles applicable are well settled unless in a given situation difficulty of application arises. Stirling et al. v. Whitney Nat. Bank et al. 170 Miss. 674, 150 So. 654; Delta & Pine Land Co. v. Adams, 93 Miss. 340, 48 So. 190; Hardy v. Candelain, 204 Miss. 328, 37 So. (2d) 360. ██ Since the matter of bail in capital cases is thoroughly well settled in this state, this appeal was improvidently granted, and ordinarily we would dismiss it for that reason. However, here we retain it because the Chancellor unauthorizedly dismissed appellant's petition, merely upon sustaining a demurrer.

In his brief, appellant argues he was granted no right to introduce evidence, and this argument is difficult to understand unless he sought to amend, and was refused, since evidence, of course, is not heard on demurrers. But the record does not reveal any such request and denial.

██ In our judgment, the Chancellor correctly sustained the demurrer for the reason that this Court has declared a mere mistrial, without more, is insufficient to entitle a petitioner to bail. Ex parte Pattison, 56 Miss. 161. ██ The petition here did not charge anything else, and failed wholly to charge that proof of his guilt of murder was not evident and presumption thereof was not great, or set forth wherein it was so deficient. Section 29, Constitution of 1890; Street v. State, 43 Miss. 1. In that habeas corpus case, this Court said: "If on the hearing of this case, neither the prosecution nor defense had offered testimony, what would have been the duty of the judge? Bail or remand? To discharge was absurd and impossible. There can be hardly doubt that this prisoner must be remanded; for the reason that the matter of the return creates the 'presumption great', meant by the Bill of Rights. The return then contained ample authority to hold the relator in custody, unless its

force were broken—the prima facie case it made, overcome by the testimony."

We affirm the decree of the Chancellor in sustaining the demurrer, but not in granting the interlocutory appeal on the record before us. We retain the appeal only because it is necessary to reverse the action of the Chancellor in dismissing appellee's petition, where no showing is made by the record that he declined to plead further when demurrer thereto was sustained.

Affirmed in part, reversed in part, and remanded.