Nix *v.* Nix, et al.

Division B.   Feb. 12, 1951.

No. 37658 (50 So. (2d) 396)

Jno. D. Nix, Jr., for appellant.

Gex & Gex, and W. E. Gore, for appellees.

Hall, J.

Appellant as complainant in the court below filed his bill of complaint on December 3, 1948, against the heirs and successors in title of his brother, Dr. James T. Nix, deceased.   Appellees demurred to the bill and the chancellor sustained the demurrer.   Appellant declined to plead further and accordingly the bill was dismissed. This appeal is prosecuted from the decree of dismissal.

The bill and exhibits thereto, briefly stated, charge that on March 15, 1937, Mrs. John D. Nix, Jr., wife of appellant, and Hancock Land Company, Inc., a corporation, acting by appellant as its president and by Corda E. McFarland as its secretary, for a recited consideration of "Ten Dollars, cash in hand paid, and other valuable consideration, not necessary to be mentioned herein, receipt of which is herewith and hereby acknowledged," made, executed and delivered to Dr. James T. Nix an absolute deed with general warranty of title conveying unto him Lots Nos. 99, 100 and 193 in the Second Ward of the Town of Waveland, Hancock County, Mississippi, according to map of record in the office of the chancery clerk.

The bill shows that the grantee in that deed went into possession of said land and so remained until his death on May 17, 1945, whereupon appellees went into possession thereof and have so remained continuously since.

The bill charges no fraud of any nature in connection with the procurement of said deed, but charges that in truth and in fact this deed was understood between appellant and Dr. James T. Nix to be only a mortgage to secure an indebtedness owing by appellant to his said brother, and that Dr. Nix had agreed with appellant to reconvey said land to him upon payment of the indebtedness. Embodied in the bill are copies of several letters which passed between appellant and his brother but in none of these is there any acknowledgment or intimation by Dr. Nix that the deed was to be in fact a mortgage; the only conclusion which can possibly be reached from a consideration of the entire bill is that the alleged agreement is not evidenced by any sort of writing but rests wholly in parol. .

Section 272, Code of 1942, which is identically the same as Section 3351, Code of 1930, provides: "A conveyance or other writing absolute on its face, where the maker parts with the possession of the property conveyed by it,

shall not be proved, at the instance of any of the parties, by parol evidence, to be a mortgage only, unless fraud in its procurement be the issue to be tried.''

Appellant's bill falls specifically within the terms of this statute for the bill shows that the conveyance is absolute on its face, that the maker parted with possession of the property therein described, that there is no issue of fraud in its procurement to be tried, and that proof of its being in fact a mortgage rests entirely in parol.

Appellant relies upon Schwartz v. Lieber, 79 Miss. 257, 30 So. 649, 650. In that case a demurrer to a similar bill was overruled and on appeal this Court held that the action of the lower court was correct because (1) the bill did not show that the grantee took possession under the deed and (2) the bill exhibited a letter from Schwartz in which he stated ''When the deed was executed it was understood that upon the payment of $1,050 to me I would deed the property to'' appellee; consequently the cause was remanded for a hearing on the merits. The decision cited is not in point for the reason that the bill in the instant case affirmatively shows that the grantee did take possession under his deed and for the further reason that there is no writing in or exhibited with the bill wherein Dr. Nix purported to make such an acknowledgment. When the same case came before this court again after a trial on the merits, the Court cited the aforesaid statute which was then Section 4233, Code of 1892, and held that upon the proof it was shown that Schwartz took possession under his deed and that Lieber's entire case rested in parol, and the decree of the lower court in favor of Lieber was reversed and a final judgment entered in favor of Schwartz. Schwartz v. Lieber, Miss., 32 So. 954.

Before the maker of an absolute deed can offer parol evidence to have it declared to be a mortgage only he must show either that he has not parted with possession of the land conveyed or that there was fraud in its

procurement. . Jordan v. Jordan, 145 Miss. 779, 111 So. 102. That is exactly what our statute provides and exactly what it means. The decree is accordingly affirmed.
    Affirmed.