Dunn *v.* Dedeaux

No. 42200          February 19, 1962          137 So. 2d 822

*Richard Yarborough, Knox W. Walker,* Gulfport, for appellant.

*White, Buntin & Martin,* Gulfport, for appellee.

McGEHEE, C. J.

The appellee in this case filed his bill of complaint in the Chancery Court of Harrison County, Mississippi, asking that a purported warranty deed previously executed in favor of Dr. Felix H. Dunn be declared a mortgage, and that the right be given him to redeem the tract of land conveyed in the said mortgage. The chancery court granted the relief prayed for and this appeal is taken from the said decree.

The appellee Roger Dedeaux was the owner of a parcel of land 512 feet in width and running back a distance of 928 feet, just north of the City of Pass Christian, Mississippi, and the conveyance in question was alleged to have been given to secure an indebtedness of $2,350 owing to Mrs. Lillian C. Borsik. The conveyance was arranged through the Mississippi Abstract Title and Guaranty Company in Gulfport, Mississippi. The said Abstract Title and Guaranty Company is operated by Harold Barber, Sr. and Harold Barber, Jr.

During the winter months of 1960, the appellee became delinquent in his payments to Mrs. Borsik and was notified by the Abstract Title and Guaranty Company that the loan must be brought up to date or it would be necessary to institute foreclosure proceedings.

Thereupon the appellee got in contact with the appellant Dr. Dunn in regard to procuring a loan. Dr. Dunn discussed this matter with the appellee and with his own attorney, Mr. Knox Walker of Gulfport, Mississippi, and as a result the appellee executed an absolute warranty deed to the appellant conveying to him the said property, and he contends that in executing the conveyance he understood that it was a mortgage to secure the remaining indebtedness due Mrs. Borsik. The appellant did not assume the indebtedness but took the warranty deed subject to the indebtedness.

Thereupon one Douglas Dedeaux, a relative of the appellee, entered into the negotiations and with the result that the appellant leased the land to the appellee and to Douglas Dedeaux for a monthly rental of $100, and it was agreed with the appellant that he would be allowed to place some slot machines of the Top Flight Amusement Company, in which corporation his wife owned the controlling interest, and it was agreed that the proceeds of the said machines would be shared by the appellant, appellee and Douglas Dedeaux, with 50% to the appellant and 50% to Roger and Douglas Dedeaux.

The lease provided that it might be terminated in the event of delinquency in the monthly payments and upon ten days notice to the lessee. About six months thereafter the appellant sent unto the estranged wife of the appellee, who was separated from him and living in the State of California, the sum of $200 for a quitclaim deed that he had received from her several months prior thereto. The appellant claimed that he had promised to pay the estranged wife of Roger Dedeaux the

further sum of $1,800 but the record shows that she had no note or security for the said additional amount.

Douglas Dedeaux commenced an ejectment proceeding against the appellee Roger Dedeaux, and the record shows that he admittedly did this at the instance of the appellant. Roger Dedeaux appeared at the hearing of the ejectment proceeding and was advised by his attorney that the chancery court was the proper forum for the controversy to be litigated, and hence this suit was filed in said court.

Shortly before the notice for ejectment was given, the appellant had offered to sell the property to one Wilson Evans for $5,000, but soon thereafter he deeded the property to Douglas Dedeaux for a stated consideration of $10,000, and took a deed of trust securing the purchase price, and Douglas Dedeaux reconveyed the property to him for $1 and other good and valuable considerations. The appellant did not pay to the appellee's estranged wife the $200 until six months after she had executed the quitclaim deed and ten days after he was served with process in the present suit. The chancellor rendered an order that the amount to be paid to reimburse the appellant for what he had paid on the property should be determined by a master. The appellee had tendered into court with his bill whatever amount the court might determine was due and owing to the appellant and announced his willingness to tender such other sums as might be actually due and owing to the appellant. But the parties subsequently stipulated that the sum of $1,517.56 would adequately reimburse the appellant for what he had paid in bringing the monthly payments to Mrs. Borsik up to date and any other sums that he may have expended.

The appellee claims that the property was worth $14,000, but Harold Barber, Jr., and John Gardner, a member of the bar experienced in land values, and a licensed realtor from Pass Christian, Mr. J. C. Ellis,

Jr., all testified that the property was worth from $6,000 to $10,000, and probably more if subdivided into lots. The appellant did not testify except as an adverse witness when introduced by the appellee, but introduced as a witness Douglas Dedeaux who was vitally interested in the outcome of the litigation, and Roger Dedeaux and the witnesses above-mentioned testified on his behalf. The chancellor, after a two-day hearing of the matter, rendered an oral opinion and held that the conveyance, although absolute in form as a warranty deed, was in truth and in fact given and intended to be given as a mortgage to secure the balance due Mrs. Borsik, and he thereupon ordered the same to be cancelled upon payment of $1,517.56, which the parties had stipulated as an amount adequate to reimburse the appellant. He commented on the disparity in the education of the appellant and the appellee, and held that the testimony was competent and admissible on account of the allegations of fraud contained in the bill of complaint filed by the appellee. The chancellor finally reduced his opinion to writing and made the same a part of the record, evidently using the record as the basis for the preparation of said written opinion. He expressly exonerated attorney Knox Walker of any bad faith in the matter, and held that he had merely performed legal services that Dr. Dunn had requested of him.

We are unable to say the chancellor's decision on the conflicting evidence was manifestly wrong, and we therefore hold that the same should be, and it is, hereby affirmed.

Affirmed.

*Kyle, Arrington, Ethridge* and *Gillespie, JJ.,* concur.