RAYBORN, EXECUTRIX, ETC. *v.* McGILL

No. 42265          March 26, 1962          139 So. 2d 356

*J. M. Travis*, Heidelberg, for appellant.

*McFarland & McFarland,* Bay Springs; *Deavours & Hilbun,* Laurel, for appellee.

Ethridge, J.

Arnetta McDonald died testate on October 17, 1960. Her will, dated May 31, 1960, devised and bequeathed to her niece, Emma Rayborn, her home and one-third of forty acres of land upon which it was situated. The will further provided that Rayborn was to have certain cattle, "and $1,500 which is in the Commercial National Bank and Trust Company of Laurel, Mississippi." The will devised and bequeathed the remainder of her estate to her nephew, Jim McGill. Testratrix had no children or husband surviving her. This will was duly probated, and Rayborn was appointed executrix of the estate.

The executrix made an inventory, listing personal property belonging to deceased, and further stating: "DEBTS DUE ESTATE — Jim McGill owes the Estate of Arnetta McDonald, Deceased, the sum of about $3,-800.00 the exact amount not known, which was delivered over to Jim McGill to keep for Arnetta McDonald . . . ." McGill then filed a petition of intervention in the estate proceedings. It set forth the quoted recitation in the inventory that he owed the estate about $3,800, and alleged he did not owe the estate anything; that, during testratrix's lifetime, she gave him the entirety of a savings account in the bank; that the inventory as filed was not, therefore, a perfect one and should be amended; and it should be adjudicated that petitioner owed the estate nothing. Hence petitioner asked the court to decree that McDonald made a valid inter vivos gift to him of the savings account, and to require the executrix to file a more perfect inventory. Miss. Code 1942, Rec., Sec. 547.

The chancery court found that the intervention of McGill was proper, directed issuance of a subpoena duces tecum to the bank for all records pertaining to this savings account, and set the cause for hearing. The executrix then filed a motion to dismiss the intervention, on grounds that the court did not have jurisdiction to permit an intervention contesting allegations of the inventory; and these matters should be determined in a separate suit which might be brought subsequently by the executrix for the state. The court sustained this motion, but allowed McGill to amend. He amended the petition of intervention by changing it to a "contest of one item of inventory", and the court overruled a later motion to dismiss it.

In short, the interlocutory decree permitted McGill, the residuary devisee and legatee, to intervene in order to contest that part of the executrix's inventory asserting that McGill owed the estate approximately $3,800.

The chancellor allowed the executrix to take an interlocutory appeal from that decree, (1) permitting the residuary devisee and legatee, McGill, to contest the stated item of the inventory and (2) overruling the motion of the executrix to dismiss that contest and petition of intervention.

■■ ■ This interlocutory appeal was improvidently taken and was not authorized by Miss. Code 1942, Rec., Sec. 1148. It will not settle "all the controlling principles involved in the cause". In fact, it will not settle any of the principles, since the issue is whether testatrix made an inter vivos gift. Sec. 1148 further allows interlocutory appeals "in exceptional cases to avoid expense and delay", but no expense and delay have been avoided by this appeal. On the contrary, the parties have been put to the unnecessary expense and delay of six months in finally disposing of this relatively limited issue presented by McGill's intervention. Griffith, Miss. Chancery Practice (1950), Sec. 680, 682-684; Byrd v. Caston, 137 So. 2d 519 (Miss. 1962).

Since this appeal was improvidently granted and was not authorized by statute, we, of our own motion, hold that it must be and it is hereby dismissed.

■■ ■ However, in order to avoid further delay and disposition of this matter, it is proper to state that the chancellor was correct in permitting McGill's intervention and in overruling appellant's motion to dismiss it. Code Sec. 547 provides that any person interested may petition the chancery court to require an executor to make a more perfect inventory of the assets of the estate, where the inventory fails to contain a full account of all chattels and effects of the deceased. Lindeman v. Herbert, 188 Miss. 842, 193 So. 790 (1940). Conversely, we think that that this statute (and related ones) authorize an interested person to petition the court for leave to intervene and to require an executrix to correct her inventory by removing therefrom an item incorrectly

stated in it. McGill, as the residuary devisee and legatee, is an interested person within the terms and intent of the act. Moreover, this procedure will facilitate a complete adjudication of all interests of the parties and beneficiaries in this estate, namely, Rayborn and McGill. See also Code Secs. 544, 545, 548, 540.

Appeal dismissed.

*McGehee, C. J.,* and *Kyle, Rodgers* and *Jones, JJ.,* concur.