BURNS *v.* ARRINGTON, et al.

No. 43126          December 7, 1964          169 So. 2d 831

*Paul S. Griffith,* Waynesboro, for appellant.

*Woodrow C. Jones, W. Vol Jones, Sr., W. Vol Jones, Jr.,* Waynesboro, for appellees.

PATTERSON, J.

This is an interlocutory appeal from an order of the Chancery Court of Wayne County, Mississippi, sustaining a general demurrer to a cross bill.

The suit was brought by the heirs at law of Pink Arrington, deceased, as complainants against B. C. Burns, defendant and cross complainant, for the purpose of having a deed absolute on its face declared to be a mortgage. The defendant answered the bill of complaint and filed a cross bill which alleged an oral agreement

.

by and between Pink Arrington, deceased, and the defendant relating to the subject properties. A general demurrer was interposed to the cross bill which was sustained and an interlocutory appeal was granted to the cross complainant over the protest of complainants to this Court to settle the controlling principles of law applicable to the case.

The issue to be determined by the court on the demurrer to the cross bill was whether the agreement as set forth in the cross bill was sufficient, when considered in relation to a warranty deed held by the cross complainant to the lands in question, to alter the same from a deed absolute on its face to the status of a mortgage. The principles of law controlling this situation are thoroughly settled in this state. Mississippi Code Annotated section 272 (1956); Dunn v. Dedeaux, 243 Miss. 187, 137 So. 2d 822 (1962); Conner v. Conner, 238 Miss. 471, 119 So. 2d 240 (1960); Bethea v. Mullins, 226 Miss. 795, 85 So. 2d 452 (1956); Emmons v. Emmons, 217 Miss. 594, 64 So. 2d 753 (1953); Nix v. Nix, 210 Miss. 821, 50 So. 2d 396 (1951); Jordan v. Jordan, 145 Miss. 779, 111 So. 102 (1927).

██ █ Interlocutory appeals to settle all the general and controlling principles of the case are governed by Mississippi Code Annotated section 1148 (1956). We have declared that such appeals should not be granted where principles applicable are well settled unless in a given situation difficulty of application arises. Russell v. Crumpton, Sheriff, 208 Miss. 433, 44 So. 2d 527 (1950); Hardy v. Candelain, 204 Miss. 328, 37 So. 2d 360 (1948); Stirling v. Whitney Nat. Bank, 170 Miss. 674, 150 So. 654 (1933); Bierce v. Grant, 91 Miss. 791, 45 So. 876 (1907). ██ █ Since no difficulty of application of the controlling principles of law involved is apparent, we are of the opinion that this appeal was improvidently granted and it is therefore, dismissed.

Appeal dismissed.

*Kyle, P. J., Ethridge, McElroy, and Jones, JJ.,* concur.