KESSINGER, et al. *v.* ATKINSON, et al.

No. 43626          October 25, 1965          179 So. 2d 265

*W. D. Coleman,* Jackson, for appellants.

*Armis Hawkins,* Houston; *William Liston,* Winona, for appellees.

GILLESPIE, J.

Complainants filed suit against defendants for certain relief and an agreed decree was entered which contained a mandatory injunction requiring defendants to fill in and provide lateral support for complainants' lot. Defendants failed to comply with the decree and contempt proceedings were filed by complainants. After a hearing, the chancellor entered a decree on November 25, 1963, adjudging defendants in contempt of court for failure to comply with the mandatory injunction. The decree then provided that the cause was continued until the first day of the December 1963 term of court, ". . . for the entry by the Court of such decree as the Court

may deem proper and meet (sic) in the premises, and the defendants are extended opportunity so to purge themselves by that time.''

Complainants appealed from the November 25, 1963, decree. They complain that the chancellor in his opinion and decree failed to find defendants in contempt for failing to do certain things which complainants say they were required to do by the mandatory injunction.

The November 25, 1963, decree was captioned ''Final Decree,'' but it was an interlocutory decree because the court retained jurisdiction of the cause and continued it to the December term for the entry of such decree as the court might deem proper at the time. Bond v. Anderson, 203 Miss. 283, 33 So. 2d 833.

■■■ Appeals from interlocutory orders of the chancery court or the chancellor in vacation are governed by Mississippi Code Annotated section 1148 (1956). There can be no appeal from an interlocutory order unless ·it is allowed by the chancellor or a member of this Court within thirty days from the date the order or decree is filed in the proper office. Farrar v. Phares, 232 Miss. 391, 99 So. 2d 594 (1958). ■■■ It is the duty of this Court to dismiss appeals on its own motion when an appeal is improvidently allowed or when an attempt is made to appeal from an interlocutory order without a proper order allowing the appeal. Slater v. Bishop, 251 Miss. 306, 169 So. 2d 465 (1964); Burns v. Arrington, 251 Miss. 247, 169 So. 2d 831 (1964); Rayborn v. McGill, 243 Miss. 585, 139 So. 2d 356 (1962).

■■■ This attempted appeal was from an interlocutory order which was not allowed by the chancellor or a member of this Court. This requires that we dismiss the appeal on our own motion.

Appeal dismissed.

*Ethridge, P. J., and Rodgers, Jones and Smith, JJ.,* concur.