PATTERSON, Justice;
This is an interlocutory appeal from a decree of the Chancery Court of Lowndes County transferring several consolidated suits to the Circuit Court of that county. From the pleadings, no evidence being taken, we ascertain that Clyde Studdard obtained loans from the First Columbus National Bank of Columbus for the purpose of constructing houses on two separate lots. The loans were evidenced by promissory notes and each was secured by a deed of trust on the particular lot. Both houses were completed through the use of materials furnished by various supply firms *175 and the labor of several individuals. It is evident from the allegations that none of these creditors was paid. In'addition, the money due under the promissory notes was not repaid and one lot was sold at foreclosure sale to W. V. West, the accommodation maker. The deed of trust on the second lot was assigned to W. V. West and he later received a deed to this property.
In order to collect the debts which Studdard owed them, several of those who had furnished either material or labor filed suit to establish and enforce their material-men’s liens. Three suits were filed in the chancery court to establish such liens against the first lot and two suits were filed in the same tribunal for liens against the second lot. Several other materialmen intervened in these five suits. Studdard, the First Columbus National Bank, and the trustees under the two deeds of trust were named as defendants and West intervened in each of the suits in his own behalf after he acquired the property in question.
The three suits relating to the first lot were consolidated for trial as were the two suits concerning the second lot. The chancellor recused himself from the cases. When the special chancellor designated to hear the cases failed to appear for the hearing, the regular chancellor entered an opinion in which he overruled the first of several pleas-in-bar filed by the defendants and transferred the several causes to the circuit court of the county.
The first plea-in-bar stated in substance that the complainants’ actions were barred because they had not been filed in the circuit court within the time period prescribed by statute. Mississippi Code 1942 Annotated section 360 (1956), Lien—How and When Enforced, controls such actions and states in part as follows:
Any person entitled to and desiring to have the benefit of such lien shall commence his suit in the circuit court of the county in which the property or some part thereof is situated, if the principal of his demand exceeds two hundred dollars, within twelve months next after the time when the money due and claimed by the suit became due and payable, and not after * * *.
The chancellor stated in his opinion that he understood such plea to question the jurisdiction of the chancery court and that he would treat it as a motion to transfer the cases to the circuit court. The bank and other defendants disagreed with this interpretation of the plea, whereupon the court transferred the consolidated cases to the circuit court on its own motion. The decree transferring the causes to the circuit court also overruled the first plea-in-bar. A motion requesting an interlocutory appeal from this order was overruled by the chancery court, but was later granted by a justice of this Court.
The appellants have listed four assignments of error; however, we think the primary issue to be determined is the propriety of the granting of this interlocutory appeal.
The law governing the granting of such an appeal was stated by this Court in Burns v. Arrington, 251 Miss. 247, 249, 169 So.2d 831, 832 (1964). In that case we said:
Interlocutory appeals to settle all the general and controlling principles of the case are governed by Mississippi Code Annotated section 1148 (1956). We have declared that such appeals should not be granted where principles applicable are well settled unless in a given situation difficulty of application arises. Russell v. Crumption, Sheriff, 208 Miss. 433, 44 So.2d 527 (1950); Hardy v. Candelain, 204 Miss. 328, 37 So.2d 360 (1948); Stirling v. Whitney Nat. Bank, 170 Miss. 674, 150 So. 654 (1933); Bierce v. Grant, 91 Miss. 791, 45 So. 876 (1907). * * *
The principles of law governing a situation as exists in the present instance are clearly set out by the statutory and case law of this state. As discussed, section 360, supra, requires that all materialmen’s *176 liens should be filed in the circuit court of the county in which the property in question lies. Mississippi Constitution article VI, section 162 (1890), states that all causes which are brought in the chancery court when the circuit court has exclusive jurisdiction shall he transferred to the circuit court. The cases are generally of the uniform opinion that when such a situation does occur, the proper action is to transfer the cause rather than dismiss it. W. Horace Williams Co. v. Federal Credit Co., 198 Miss. 111, 21 So.2d 582 (1945); Bradley v. Howell, 161 Miss. 346, 133 So. 660, 134 So. 843 (1931); Robertson v. F. Goodman Dry Goods Co., 115 Miss. 210, 76 So. 149 (1917); and Murphy v. City of Meridian, 103 Miss. 110, 60 So. 48 (1912). V. A. Griffith has further stated in Mississippi Chancery Practice, section 515 (2d ed. 1950) that a judge “ * * * must make the transfer from one court to the other when it is reasonably clear that a case has been brought in one whereof the other more properly had jurisdiction, and moreover it is distinctly settled that a judge or chancellor not only may, but should, do this on his own motion.”
In view of Mississippi Code 1942 Annotated section 1681 (1956) and other authorities cited, it is clear that the controlling law is evident and that its application involves no undue difficulty. Therefore, under the law as set forth in Burns, supra, an interlocutory appeal should not have been granted.
It should be noted that this holding does not affirm or deny the validity of any claim or lien which is pending against appellant. That task will be left to the circuit court. We do hold that in view of Mississippi Code 1942 Annotated section 1681 (1956) these cases should be proceeded with as if they had originally been filed in circuit court as of the respective dates on which they were originally instituted. It is obvious from the pleadings that evidence will have to be taken to establish when some, if not all, the materialmen’s liens were transformed from inchoate rights to debts due and owing. A determination of such facts will be necessary to ascertain if a particular suit was filed within the one year time period allowed by Mississippi Code 1942 Annotated section 360 (1956). By so holding we hope to prevent difficulty as to what has been adjudicated at this point.
Therefore, upon a closer consideration of the record in this cause than was afforded the justice who granted the appeal, it is our opinion that the interlocutory appeal was improvidently granted and it is hereby dismissed.
Appeal dismissed.
GILLESPIE, P. J., and RODGERS, SMITH, and ROBERTSON, JJ., concur.