BROOM, Justice, for the Court:
Requirement that Mrs. Rosamond (Executrix, appellee) post a $1,000,000 bond was the purpose of appellant’s petition filed in the Chancery Court of Lowndes County, Mississippi. The will of William I. Rosa-mond, deceased, provided that no bond be required. Gatzke (petitioner) cites Mississippi Code Annotated section 91-7-45 (1972) and claims standing as creditor of the estate to require that the bond be posted. Appellee’s petition that the motion be dismissed was sustained and Gatzke . appealed.
The matter appealed from was not a final decree appealable under Mississippi Code Annotated section 11-51-3 (1972), but was an interlocutory order signed by the chancellor. Other issues involved were not finally adjudicated by the order appealed from, and fragmented appeals are not permissible under our jurisprudence. American Empire Life Ins. Co. v. Skil-Craft Builders, Inc., 291 So.2d 735 (Miss.1974).
Mississippi Code Annotated section 11-51-7 (1972) and cases there annotated control appeals from interlocutory orders of the chancery court or the chancellor in vacation. This case does not fall within either category listed in the statute, and under the statute an appeal from an interlocutory order or decree cannot be maintained unless the appeal is allowed “by the court or chancellor . . .’’or “by a judge of the supreme court.” The record before us does not contain any order of the court, chancellor or Judge of this Court granting the appeal. As stated in Kessinger v. Atkinson, 253 Miss. 832, 179 So.2d 265 (1965):
It is the duty of this Court to dismiss appeals on its own motion when an appeal is improvidently allowed or when an attempt is made to appeal from an interlocutory order without a proper order allowing the appeal. Slater v. Bishop, 251 Miss. 306, 169 So.2d 465 (1964); Burns v. Arrington, 251 Miss. 247, 169 So.2d 831 (1964); Rayborn v. McGill, 243 Miss. 585, 139 So.2d 356 (1962). (253 Miss. at 834, 179 So.2d at 266.)
Due to the fact that the attempted appeal was from an interlocutory order and was *466 not allowed by a member of this Court or of any lower court, we are required to dismiss the appeal on our own motion.
Appeal dismissed ex mero motu.
GILLESPIE, C. J., and PATTERSON, INZER, SMITH, ROBERTSON, SUGG and WALKER, JJ., concur.