WOLF *et ux. v.* MISSISSIPPI VALLEY TRUST CO. *et al.*

[93 South. 581, No. 22769.]

1. APPEAL AND ERROR. *Appellant cannot dismiss appeal, unless granted right to so do by the court.*

   The right of an appellant to dismiss his appeal is not absolute, and can be exercised only by leave of the court, which will usually be granted unless special reason be shown for refusing it.

2. APPEAL AND ERROR. *Appellant allowed to dismiss appeal from decree overruling demurrer to bill, where all questions cannot be decided on appeal because supplemental bill had been filed by appellee.*

   Where a supplemental bill is filed by an appellee after an appeal to settle the principles of the case, from a ruling on a demurrer, is pending, and it appears that because thereof all of the principles of the case cannot be settled on the appeal, the appellant will be allowed to dismiss it.

APPEAL from chancery court of Bolivar county.

HON. G. E. WILLIAMS, Chancellor.

Action by the Mississippi Valley Trust Company and another against B. Wolf and wife. From a decree overruling a demurrer to the bill, the defendants appeal. On defendants' motion to dismiss appeal. Motion granted.

*Wilson, Gates & Armstrong,* for appellees.

The record is here, the parties ready, the question simple and for that purpose they have been so long delayed during which time the so-called foreclosure took place. Appellants have no absolute right to dismiss their appeal, especially where it is to settle the principles of the case which will have a determinative effect on both litigants and especially is this true where appellants have had the benefit of the delay for the appeal. That appellants may not absolutely dismiss an appeal, see: *Jacobs* v. *New York Life*

*Ins. Co.,* 71 Miss. 656; *Dovallan* v. *Tonnay Patent Co.,* 24 C. C. A. 647; 79 Fed. 365.

Appellees respectfully submit that the appellants should not be permitted to dismiss their appeal especially in view of the time which has been permitted to lapse for the purposes of settling the principles of the case, but that the principles governing the case should now be finally adjudicated and determined. That the simple passing upon the validity of the deed, or rather its attempted acknowledgment will be determinative, in appellee's opinion, of the entire law suit. That the original bill in the nature of a bill of supplement which is filed, is dependent, in the necessity for its trial, upon the determination of this law suit here pending and is a necessary effort to protect the property which is the fruit of this litigation.

*Shands, Elmore & Causey,* for appellants.

In response to the brief of the appellees filed in this cause, we desire to state that it is our understanding that the appellants have the right voluntarily to dismiss their appeals. The authorities seem to be as unanimous to the proposition as on any proposition which could be advanced that an appellant has the right to dismiss this appeal. In 2 Ency. Pl. & Pr., page 331, the rule is stated as follows: "It is the general rule that the appellant may have his own appeal dismissed at any time while the cause remains within the jurisdiction of the appellate court. The appellee is entitled to costs on such dismissal, but cannot. object nor is the consent required."

Smith, C. J., delivered the opinion of the court.

This is an appeal from a decree overruling a demurrer to an original bill, and was granted by the court below in order that the principles of the case might be settled. The appellants now request permission to dismiss the appeal,

to which the appellees object. The appellants are husband and wife. The husband is indebted to the appellees, who seek to set aside a conveyance of land from the husband to the wife, and to subject the land to the payment of a debt due by the husband to the appellees. The reason assigned by the appellees for wishing to dismiss the appeal is that since it was taken the land involved has been sold under a deed of trust executed thereon by the appellants, and a supplemental bill has been filed by the appellees, setting up that fact, and praying for the cancellation of the deed to the purchaser under the foreclosure and the subjection of the land to the payment of the debt sought to be recovered in the original bill, and that consequently all of the questions now presented by the appellees' pleadings for decision cannot be settled on the present appeal.

The right of an appellant to dismiss his appeal is not absolute, but can be exercised only by leave of the court, which leave will usually be granted unless some special reason be shown for refusing it. *Sivley* v. *Sivley,* 96 Miss. 134, 50 So. 552; *United States* v. *Minnesota & N. W. R. Co.,* 18 How. 241, 15 L. Ed. 347. The decision of the questions here presented, if adverse to the appellees, will not relieve the court below of disposing of the questions presented by the appellees' supplemental bill, and, if those questions should be decided by the court below adversely to the appellees, the questions presented by the original bill will become immaterial. Consequently the principles of the case may not be settled on this appeal, for which reason we think the appellants' request for leave to dismiss it should be complied with, so that, in event it is called on to do so, the court may render a decision which will dispose of the principles involved in the whole case.

*The motion will be sustained.*