ATWELL TRANSFER COMPANY *v.* NORMAN JOHNSON, JR., *et al.*

No. 41615 December 5, 1960 124 So. 2d 861

*Eaton, Cottrell & Galloway,* Gulfport, for movants.

*Rushing & Guice,* Biloxi, for movee.

722

Holmes, J.

This is an appeal from an interlocutory decree of the Chancery Court of Harrison County ordering the transfer of this cause from the Chancery Court of Harrison County to the Chancery Court of the First Judicial District of Hinds County. The order was entered on the motion of the appellees, Public Service Commissioners and the Chief Law Enforcement Officer of the Public Service Commission.

The appellant, Atwell Transfer Company, applied for and was granted an interlocutory appeal from the order of transfer. The order granting such appeal is dated September 21, 1959, and reads as follows:

"This cause coming on to be heard on the petition of the plaintiff, Atwell Transfer Company, for an interlocutory appeal from an order of this court removing the above cause from the docket of the Chancery Court of Harrison County, Mississippi, to the docket of the Chancery Court of Hinds County, Mississippi, for trial, and the court having heard and considered the authorities cited by the Attorney General, by the local complainants and defendants, is of the opinion that this cause is of such exceptional nature, considering the various parties defendant, and in the opinion of the court an interlocutory appeal should be granted:

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the petition of Atwell Transfer Company for an interlocutory appeal from an order of this court removing the above cause from the docket of the Chancery Court of Harrison County, Mississippi, to the docket of the Chancery Court of Hinds County, Mississippi, be and the same is hereby sustained, and the amount of the appeal bond is hereby fixed at $500."

The appellees, Public Service Commissioners and the Chief Law Enforcement Officer of the Public Service Commission, have filed a motion in this Court to dismiss the appeal upon the grounds that it was improvidently granted.

The case is before us on the interlocutory appeal and the motion to dismiss the same.

The case originated on the filing by the appellant in the Chancery Court of Harrison County of an original bill of complaint against the following named defendants: Norman A. Johnson, Jr., W. E. "Bucky" Moore, Thos. Hal Phillips, Public Service Commissioners of the State of Mississippi, G. D. Elliott, Chief Enforcement Officer, Mississippi Motor Carrier Regulatory Act of the Public Service Commission of the State of Mississippi, Biloxi Transfer and Storage Company, Inc., a Mississippi Corporation, Horace E. Dear, a resident of Har-

rison County, Mississippi, W. L. Glass, a resident of Harrison County, Mississippi, and Anthony A. Anglado, a resident of Harrison County, Mississippi.

The original bill alleged that the Atwell Transfer Company is a non-resident corporation organized and existing under the laws of the State of Florida, and is engaged in the business of transporting and storing household goods and like property, and prior to the filing of the original bill had obtained by competitive bidding an award as the lowest and best bidder with the Department of Defense, Household Goods Field Office, Gadsden Air Force Station, Gadsden, Alabama, for the pick-up, inventory, marking, designating, loading, unloading, and storage of goods let at monthly intervals, which included the area at Biloxi, Harrison County, Mississippi, known as Keesler Air Force Base. The appellant charged the wrongful seizure and impounding of its truck and cargo, and the deprivation of its property in violation of law, and the wrongful invasion of its constitutional rights, and a conspiracy on the part of the defendants to prevent the performance of its contract, and to prevent the carrying on of its transportation business. The prayer of the bill sought injunctive relief and damages. No answers were filed. The Harrison County defendants filed demurrers. The demurrers were not acted upon by the trial court. No principle of law pertaining to the merits of the case was decided by the chancellor. No evidence was introduced on the merits of the cause. The only matter passed upon by the chancellor was the motion to transfer the cause from the Chancery Court of Harrison County to the Chancery Court of the First Judicial District of Hinds County.

The chancellor sustained this motion and entered his order accordingly, and then on the application of the appellant granted an interlocutory appeal therefrom.

We are of the opinion that the interlocutory appeal was improvidently granted, and in view of this conclu-

sion we do not reach the question as to whether the chancellor erred in transferring the cause, since if the appeal was erroneously granted, this Court was without jurisdiction to determine the question whether the chancellor erred in transferring the case. We, therefore, address ourselves solely to the question whether the appeal was improvidently granted.

The applicable statute governing the granting of an interlocutory appeal is Section 1148, Mississippi Code of 1942, reading as follows:

"An appeal may in sound discretion be granted by the chancellor in term time, or in vacation, from any interlocutory order or decree whereby money is required to be paid, or the possession of property changed, or when having sustained or overruled a demurrer or motion he may think an appeal proper in order to settle all the controlling principles involved in the cause, or in exceptional cases to avoid expense and delay; but such appeal must be applied for and bond given within thirty days after the order or decree appealed from is filed in the proper office whether the decision be in term time or in vacation. Such appeal if allowed must be allowed by the court or chancellor, and he shall determine whether the appeal shall operate as a supersedeas or not, but the appeal bond may be approved by the court or chancellor, or the clerk; but in case such an appeal is refused by the chancellor it may nevertheless be allowed by a judge of the Supreme Court."

■■ ■ A casual perusal of this statute reveals that the disposition of the appeal will not settle the controlling principles involved in the cause and indeed will not settle any of the principles involved, and will not avoid expense and delay, but on the contrary will contribute to expense and delay. It is well settled in this State that the court should exercise great care and caution in passing upon an application for an interlocutory appeal and that none should be granted except in a case

clearly proper therefor, and that it is the court's duty to deny such appeal when they do not fall strictly within the terms of the statute. In Section 680, Griffith's Mississippi Chancery Practice, 2d ed., is found the following:

"It has been settled from an early day in this State that appeals are not matters of right, and are allowable only in cases provided for by statute, and then only in the manner and on the terms prescribed by statute; that these terms must be strictly complied with and are conditions precedent to the jurisdiction of the appellate court. . . . ."

In Section 682, Griffith's Mississippi Chancery Practice, 2d ed., is found the following: "The allowance of useless and improvident interlocutory appeals has been condemned, therefore, both by judicial decision and by the recent trend of legislation. The opinion has thus become matured, that ordinarily the interests of all parties will be advanced, and justice more speedily and economically administered by proceeding to final decree, and that no interlocutory appeal should ever be granted except in a case found clearly proper therefor, upon the exercise of great care and caution. . . . ."

In the case of Marquette Cement Manufacturing Company v. New Amsterdam Casualty Company, 174 Miss. 843, 165 So. 615, the Court expressly held that an order transferring a cause from the chancery court to the circuit court was not appealable, citing Warner v. Hogin, 148 Miss. 562, 114 So. 347, and Love v. Love, 158 Miss. 785, 131 So. 280, 281.

It is further well established by the decisions of this Court that an interlocutory appeal will not lie from rulings on matters which are purely procedural in their nature. It was so held by this Court in Love v. Love, supra. It was likewise so held by this Court in the case of Breland v. Lemastus, et cl., 183 Miss. 150, 183 So. 500, wherein the Court said: "All the matters passed upon by the Chancery Court, and in regard to

which this interlocutory appeal was attempted to be allowed, appertain to the procedural or adjective side of the law, and we have repeatedly held that such rulings are not within the interlocutory appeals statute."

 In the case at bar, the order of transfer was clearly a ruling on a matter purely procedural in its nature. The appeal here will not settle any of the principles involved in the cause, nor can it be said that the granting of the appeal will avoid expense and delay. As we have heretofore said, it will contribute to expense and delay rather than avoiding the same. The chancellor based his decision on the grounds that the case was an exceptional case. In Randall v. Randall, 126 So. 484, this Court held that an appeal could not be granted from a decree denying plaintiffs support money pending a divorce suit on the grounds that it was of an exceptional nature. What the Court said in Randall v. Randall, supra, is applicable to the case at bar, the language of the Court being: "It cannot be said that this is an exceptional case in which an appeal should have been granted to avoid expense and delay; for we are unable to see either how any additional expense in connection with the litigation, or delay therein, will result because the court refused to make an allowance to appellant for her support pending the suit."

We are clearly of the opinion that the appeal granted by the chancellor is not one that comes within the terms of the statute and that the chancellor was clearly in error in granting the same. And we are supported in this view by the prior decisions of this Court. Further, the order of transfer was purely a ruling on a procedural matter and, therefore, not one from which an appeal properly lies. It follows, therefore, that the motion to dismiss the appeal must be and is sustained and the appeal dismissed.

Motion to dismiss appeal sustained.

*McGehee, C.J.,* and *Lee, Ethridge* and *McElroy, JJ.,* concur.