McMahan, et al., Trustees, Etc., *v.*
The Adult Membership Boards of The Phi Kappa,
Dusty and Debs Clubs, Etc.

No. 42417 October 22, 1962 145 So. 2d 693

*Sullivan* & *Sullivan,* Hattiesburg, for appellants.

*Lester Clark, R. A. Gray, Jr., Howard L. Patterson, Jr., Stone D. Barefield and Francis T. Zachary,* Hattiesburg, for appellees.

McGEHEE, C. J.

In this cause a petition was filed in the Circuit Court of Forrest County, Mississippi, for a prohibitory injunction against the said appellants mentioned in the caption hereof, and an order and fiat were issued by

the circuit judge, returnable before the chancery court, and the clerk of the chancery court was directed to issue the writ of prohibitory injunction. Thereafter, the appellants filed a motion to dissolve and the cause was heard by the special chancellor on the motion to dissolve and on the demurrer. Both the motion and the demurrer were overruled, and an interlocutory appeal was granted to this Court to settle the controlling principles of law involved.

The assignment of error and briefs on behalf of the appellants are devoted almost exclusively, if not entirely, to a discussion of the point as to whether or not under Sec. 1657, Code of 1942, or any other statute or constitutional provision, the circuit court had the power in vacation to transfer this cause to the chancery court and to direct its clerk to issue the prohibitory writ of injunction. The case is not briefed by them on the merits and the briefs are not therefore helpful to us in deciding all of the principles of law involved. The circuit court struck the demurrer and held that it had no jurisdiction of the case, since the same was then pending before the chancery court under the circuit court's order of transfer.

We think that the circuit court properly struck the demurrer from the files of its court, and in transferring the cause to the chancery court the circuit court acted in substantial compliance with the said Sec. 1657, Miss. Code of 1942. While the chancellor overruled the motion to dissolve, we do not find in the record any order that he may have rendered on the demurrer, except to say that the order based on demurrer was overruled.

At any rate, the appellants raise and argue only one question in this Court, and that is that there was nothing pending in the chancery court (on account of the order of transfer having been rendered in vacation) when the writ of injunction was issued. We have repeatedly held that interlocutory appeals are not favored, and it has been the experience of this Court that

many of such appeals have been improvidently granted and that they cause, instead of saving, additional expense and delay.

 We are therefore of the opinion that this Court should of its own motion dismiss this appeal so that the case may be properly developed in the chancery court on bill, answer and proof. We think the interlocutory appeal should be, and the same is, hereby dismissed.

Appeal dismissed.

*Gillespie, McElroy, Rodgers and Jones, JJ.,* concur.