Mississippi State Highway Commission *v.* Patrick, et al.

No. 42795        November 18, 1963        157 So. 2d 645

*McIntyre & McIntyre,* Brandon, for appellants.

*Barnett, Montgomery, McClintock & Cunningham,* Jackson, for appellees.

RODGERS, J.

This action originated in the Chancery Court of Rankin County, Mississippi, in which appellees filed an

original bill seeking to cancel a deed from Antioch Church to appellant, State Highway Commission, as a cloud on appellee's title to certain real property. The bill alleges that complainants (appellees here) are heirs-at-law of J. G. Patrick; that he deeded the lands described in the original bill, to the trustees of Antioch School and their successors in office, to be used for school purposes only, and to revert to J. G. Patrick, his heirs and assigns when the land ceased to be used for school purposes. It is alleged that thereafter, J. G. Patrick executed another deed on the same land to the deacons of Antioch Baptist Church and the trustees of Antioch School and their successors in office. The second conveyance had written therein the following: "* * * said land is for church, graveyard and school purposes, and for the white race specially. And know it is understood by all parties concerned that when said lands for either of purposes above mentioned is no longer used for the purposes above mentioned then the title in said land revert back to the original owner, J. G. Patrick, his heirs and assigns." It is also alleged that the property had long ago ceased to be used for school purposes and that thereafter the defendant, Antioch Baptist Church abandoned and ceased to use the land therein described for church purposes, and that without authority it executed and delivered to the State Highway Commission a purported warranty deed to the land, and that a highway was constructed on the land described. The bill seeks to cancel this deed as a cloud upon appellees' title, and at the same time to recover judgment against the Highway Commission for the sum of $3,500 which is said to be the fair, cash, market value of said lands.

The Highway Commission filed a general demurrer to the bill, alleging that "There is no equity on the face of the bill." The chancellor entered an order overruling the demurrer, and granted an interlocutory appeal, based

upon the theory that the appeal would settle all controlling principles involved in the suit. The Highway Commission has appealed to this Court from the order.

■■ ■ Appellant, Highway Commission, alleges in its brief that "Antioch School was discontinued as an education center many years ago but Antioch Baptist Church continued to maintain a church building and a cemetery on the premises, with regular church services being conducted with a fully organized congregation as members of the church. There is a well kept and maintained cemetery on the premises with a number of recent burials in the cemetery." There was of course no proof to that effect, nor does the bill allege the foregoing statement of fact. The question argued by appellant as to whether or not the remainder of the property deeded to the trustees of Antioch Baptist Church is still being used for the purposes for which the land was deeded, and the question as to whether or not the use of the highway is an auxiliary use, the ingress and egress, to the use and purposes for which the land was conveyed, namely: church, cemetery and school, is a question of fact. This question is not before this Court. The only question presented here is, Does the original bill state a good cause of action?

The bill states that the land has ceased to be used for school and church purposes, and although, from the description, it is apparent there is a cemetery adjacent to the highway, there is nothing in the bill to show it is on the land deeded to the trustees of the church; or that the access to this cemetery is not available over the new highway. The bill simply says the land has been abandoned for the use for which it was conveyed to the trustees of the church.

■■ ■ A demurrer challenges the sufficiency of the bill and admits material facts well pleaded in the bill. Griffith's Miss. Chancery Practice, (1st Ed.), § 288, p. 286.

The appeal in this case was improvidently granted. Facts on which a defendant may rely in defense of an action, should be set out in the answer. Moreover, if the facts are set up so as to constitute a plea, clearly, distinctly and readily separable, and go to the entire action, the plea may be separately heard upon its sufficiency in law, on motion of any party. § 1290, Miss. Code 1942, Rec.

We have pointed out in opinions heretofore that appeals from interlocutory orders, which do not settle all of the controlling principles involved, and which do not avoid expense and delay, should not be granted. Martin v. Reed, et ux, 232 Miss. 258, 98 So. 2d 765; Atwell Transfer Company v. Johnson, 239 Miss. 719, 124 So. 2d 861; Nash v. Winter, State Tax Collector, 235 Miss. 330, 109 So. 2d 336. Cf. McMahan v. The Adult Membership Boards of Phi Kappa Dusty and Debs Clubs, etc., 245 Miss. 83, 145 So. 2d 693; The Girod Company, Inc. v. R. C. Wilkerson, Inc., 246 Miss. 527, 151 So. 2d 195.

The order of the chancellor overruling the demurrer is therefore affirmed and the case is remanded for further proceedings in the chancery court.

Affirmed and remanded.

*McGehee, C. J., and Gillespie, McElroy and Brady, JJ.,* concur.