SLATER *v.* BISHOP, et al.

No. 43220          December 7, 1964          169 So. 2d 465

*McFarland & McFarland,* Bay Springs, for appellant.

*Satterfield, Shell, Williams & Buford,* Jackson, for appellees.

BRADY, J.

After divers pleadings and sundry procedures, this cause was arrayed in the Chancery Court of Simpson County, Mississippi, by Mrs. J. B. Bishop and the other heirs of J. H. Thurman against Charles B. Slater to recover $3,754.50 for the alleged wrongful cutting and removal of timber from their lands. It is a suit by the remaindermen, appellees here, complainants below, to recover damages for timber cut by the appellant, defendant below, upon life estate lands situated in Simpson County, Mississippi, by authority of the life tenant only. This timber was cut and removed by the appellant solely for commercial purposes. The life tenant, J. H. Thurman, was the father of the appellees, and the remaindermen, complainants below, were his children and certain grandchildren.

In the trial of the case, when the appellees had completed their proof and had rested, the appellant made a motion to exclude the testimony offered on the part of the appellees and to dismiss with prejudice the appellees' bill of complaint, for the reason that the appellees had wholly failed to establish their case by meeting the burden of proof to show, (1) that the timber was cut from the 160 acres in which J. H. Thurman had only a life estate; (2) that the value thereof was $3,754.50; and (3) that the timber was removed during the years 1956, 1957 and 1958.

The chancellor overruled the motion to dismiss, but sustained appellant's oral motion for appeal and permitted the appellant to take an interlocutory appeal from the decision on the motion to dismiss. Thus the

case reaches us for review. The primary question presented is whether or not the appellant, under the facts, is entitled to take an interlocutory appeal from the decree of the chancellor overruling his motion to dismiss the case.

Mississippi Code Annotated section 1148 (1956) is controlling in the determination of this question. It provides as follows:

"An appeal may in sound discretion be granted by the chancellor in term time, or in vacation, from any interlocutory order or decree whereby money is required to be paid, or the possession of property changed, or when having sustained or overruled a demurrer or motion he may think an appeal proper in order to settle all the controlling principles involved in the cause, or in exceptional cases to avoid express expense and delay; but such appeal must be applied for and bond given within thirty days after the order or decree appealed from is filed in the proper office whether the decision be in term time or in vacation. Such appeal if allowed must be allowed by the court or chancellor, and he shall determine whether the appeal shall operate as a supersedeas or not, but the appeal bond may be approved by the court or chancellor, or the clerk; but in case such an appeal is refused by the chancellor it may nevertheless be allowed by a judge of the Supreme Court."

The secondary questions are thus presented: Will this appeal settle all the controlling principles involved in the cause, or is this appeal exceptional in that it will avoid expense and delay? It is upon these two requirements alone that the appeal could have been allowed. If either of these secondary questions can be correctly answered in the affirmative, then the appeal should have been granted. If answerable in the negative, then an appeal will not lie. Though the right of the appellant to appeal is not contested by appellees, it is nevertheless the duty of this Court to raise the question which involves jurisdiction, on its own motion, of wheth-

er this appeal from the interlocutory decree will lie. We so held in Farrar v. Phares, 232 Miss. 391, 99 So. 2d 594 (1958).

In Atwell Transfer Company v. Johnson, 239 Miss. 719, 124 So. 2d 861 (1960), we pointed out that caution should be exercised in passing upon an application for an interlocutory appeal, and none should be granted except where clearly proper; and an appeal should be denied in an instance not strictly within the terms of the statute.

It is pointed out by former Justice Virgil A. Griffith in his remarkable "Mississippi Chancery Practice" (1925), as follows:

"Section 682. Interlocutory appeals generally not favored.—The allowance of useless and improvident interlocutory appeals has been condemned, therefore, both by judicial decision and by the recent trend of legislation. The opinion has thus become matured, that ordinarily the interests of all parties will be advanced, and justice more speedily and economically administered by proceeding to final decree, and that no interlocutory appeal should ever be granted except in a case found clearly proper therefor, upon the exercise of great care and caution. No such appeal should be allowed for the purpose of settling the principles of the case except (1) where some distinctly good and admissible purpose will be accomplished in settling the principles before proceeding to final hearing; and (2) where the principles to be settled cover the whole case, so that when thus settled there will remain to be done nothing except to ascertain and apply the facts to those principles. . . ."

Cited under this section are Yazoo & M. V. R. R. v. James, 108 Miss. 661, 67 So. 152 (1915); and Wolf v. Mississippi Valley Trust Co., 130 Miss. 144, 93 So. 581 (1922). In these cases it is pointed out that if an appeal is allowed from an interlocutory decree which

does not settle all of the controlling principles involved in the case and the Supreme Court finds that it will not settle the principles of the case, the appeal will be dismissed. See also Armstrong v. Moore, 112 Miss. 511, 73 So. 566 (1916); White v. Willis, 111 Miss. 417, 71 So. 737 (1916); Dreyfus v. Gage, 79 Miss. 403, 30 So. 691 (1901); Ames v. Williams, 73 Miss. 772, 19 So. 673 (1896); and Brooks v. Robinson, 54 Miss. 272 (1876).

It cannot be said that this is an exceptional case in which an appeal should have been granted in order to avoid expense and delay, or that a decision of the question presented on appeal will settle all the controlling principles involved in the cause. The chancellor evidently based his decision on the ground that a decision on the motion which was overruled and upon which the interlocutory appeal was allowed, would settle all of the controlling principles involved in the case at bar. This the appeal fails to do, and for this reason the appeal was improvidentially granted and this appeal is, for said reason, dismissed. Atwell Transfer Co. v. Johnson, *supra;* Breland v. Lemastus, 183 Miss. 150, 183 So. 500 (1938); Love v. Love, 158 Miss. 785, 131 So. 280 (1930); and Griffith, Mississippi Chancery Practice section 682, *supra.*

Appeal dismissed.

*Lee, C. J., and Gillespie, Rodgers and Jones, JJ.,* concur.