# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2001-CA-01097-SCT

*RANDELL G. TAYLOR*

*v.*

*DONALD E. TAYLOR*

| | |
|---|---|
| DATE OF JUDGMENT: | 6/26/2001 |
| TRIAL JUDGE: | HON. R. I. PRICHARD, III |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JOHN D. SMALLWOOD GLENN LOUIS WHITE |
| ATTORNEYS FOR APPELLEE: | HAROLD WAITS MELVIN PATRICIA FRANCINE MELVIN |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 01/23/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH
## NO. 97-CA-00610-SCT

*STEVE R. TAYLOR, INDIVIDUALLY AND AS GUARDIAN OF THE MINOR, RANDELL G. TAYLOR*

*v.*

*GENERAL MOTORS CORPORATION AND ALLSTATE INSURANCE COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 4/7/1997 |
| TRIAL JUDGE: | HON. R. I. PRICHARD, III |
| COURT FROM WHICH APPEALED: | PEARL RIVER COUNTY CIRCUIT COURT |

ATTORNEYS FOR APPELLANT:        GLENN LOUIS WHITE

                                         SAMUEL PEARSON WESTMORELAND

ATTORNEYS FOR APPELLEES:        GENE D. BERRY

                                         JAMES (JAY) R. FOSTER, II

                                         ROBERT W. ATKINSON

NATURE OF THE CASE:             CIVIL - OTHER

DISPOSITION:                        AFFIRMED - 01/23/2003

MOTION FOR REHEARING FILED:

MANDATE ISSUED:

**EN BANC.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1.    Randell G. Taylor appeals from the judgment of the trial court which dismissed his lawsuit against Donald E. Taylor with prejudice pursuant to Miss. R. Civ. P. 41(b), Miss. Code Ann. § 15-1-49 (1995), and the legal doctrine of res judicata. Because we find this action was properly dismissed, we affirm the judgment of the Circuit Court of Pearl River County.

<u>**FACTS AND PROCEEDINGS IN THE TRIAL COURT**</u>

¶2.    On July 22, 1993, a single-car accident occurred while Randell G. Taylor ("Randell"), then a minor,[1] was a passenger in the car driven by his uncle, Donald E. Taylor ("Donald"). On July 19, 1996, Randell's father, Steven R. Taylor, filed suit in state court on behalf of Randell against Donald, Allstate Insurance, Company and General Motors Corporation. The circuit court granted the defendants' motion to dismiss as to all three defendants because

---

[1]Randell was born on September 22, 1978.

Randell's counsel, a Louisiana attorney, did not qualify pro hac vice.[2] The complaint was also dismissed as to Donald for failure to serve personal process. These orders dismissing the complaint did not include the phrase "with prejudice," but were labeled "full and final orders."

¶3.     Randell appealed that decision to this Court. While on appeal, attorneys for Randell and Donald filed a motion to dismiss Donald as a party to the appeal which contained a stipulation of dismissal with prejudice. This Court then rendered a decision which included only General Motors and Allstate as appellees finding that the trial court had properly dismissed the case, without prejudice, because Randell's attorneys had failed to qualify pro hac vice. *Taylor v. Gen. Motors Corp.,* 717 So. 2d 747 (Miss. 1998).

¶4.     Randell then filed a second suit in circuit court on December 7, 1998, against Donald, General Motors and Allstate.[3]  Process was again never served on Donald.  The circuit court also dismissed this suit with prejudice as to Donald. Randell reached a settlement with General Motors and Allstate.

¶5.     On October 9, 2000, Randell filed a third suit against Donald in circuit court alleging that Donald was negligent in driving the car the day of the accident.[4] The trial court granted

---

[2]See M.R.A.P. 46(b). This Rule has been amended as published on January 16, 2003, effective on March 1, 2003; however, the amended Rule does not apply in the case sub judice.

[3]This second suit was styled "Randell Taylor v. General Motors Corporation, Donald E. Taylor, and Allstate Insurance Company." Though Randell was only twenty years of age, this suit makes no mention of Randell's minor status. In fact, it is interesting to note that Paragraph 2 of the Complaint states "[t]hat the Plaintiff has filed a timely action under Mississippi Code Annotated § 15-1-59," which is the minor's savings clause.

[4]This third suit was styled "Randell Taylor v. Donald Taylor." By then, Randell was twenty-two years of age.

Donald's motion to dismiss under the doctrine of res judicata because the first suit against Donald was dismissed for lack of service of process and, on appeal, both parties entered into a stipulation of dismissal with prejudice. The trial court further found that the statute of limitations had run. It is from this judgment that Randell now appeals and asserts the following issues which have been restated for the sake of clarity:

I.  **WHETHER THE CIRCUIT COURT COMMITTED ERROR IN DISMISSING THE SUIT BECAUSE A DISMISSAL PURSUANT TO MISS. R. CIV. P. 4(H) IS WITHOUT PREJUDICE.**

II.  **WHETHER THE CIRCUIT COURT COMMITTED ERROR IN FINDING THAT THE STATUTE OF LIMITATIONS HAD RUN IN AN ACTION WHERE A MINOR CHILD WAS THE INJURED PARTY.**

III.  **WHETHER THE CIRCUIT COURT COMMITTED ERROR IN DISMISSING RANDELL'S CASE BASED ON MISS. R. CIV. P. 41.**

IV.  **WHETHER THE CIRCUIT COURT COMMITTED ERROR IN FINDING RANDELL'S CASE WAS BARRED UNDER THE DOCTRINE OF RES JUDICATA.**

#### DISCUSSION

I.  **WHETHER THE CIRCUIT COURT COMMITTED ERROR IN DISMISSING THE SUIT BECAUSE A DISMISSAL PURSUANT TO MISS. R. CIV. P. 4(H) IS WITHOUT PREJUDICE.**

III.  **WHETHER THE CIRCUIT COURT COMMITTED ERROR IN DISMISSING RANDELL'S CASE BASED ON MISS. R. CIV. P. 41.**

¶6.  In the interest of brevity and clarity, this Court will discuss Issues I and III together.

4

Two suits were filed by Randell's father, on Randell's behalf, against Donald. Both were dismissed for failure to properly serve process on Donald. The first suit was also dismissed under Miss. R. Civ. P. 41(b) because Randell's attorney failed to qualify pro hac vice.

¶7.    Randell argues that these dismissals were without prejudice and do not bar his third suit against Donald. However, Donald argues that a dismissal under Miss. R. Civ. P. 41(b) is with prejudice and operates as an adjudication upon the merits citing the comment to Miss. R. Civ. P. 41.

¶8.    In *Taylor v. General Motors Corp.*, 717 So.2d 747 (Miss. 1998) (*"Taylor I"*), this Court specifically stated that the dismissal under Rule 41(b) was without prejudice as to the claim of Randell, a minor.

> However, the dismissal is without prejudice as to the claim of Taylor's minor son, against whom the statute of limitations, pursuant to Miss. Code Ann. § 15-1-59 (1995), does not begin to run until the son attains his twenty first birthday. The minor's claim remains viable for this time period should a determination be made to pursue the same.

*Id.* at 750.

### IV.    WHETHER THE CIRCUIT COURT COMMITTED ERROR IN FINDING RANDELL'S CASE WAS BARRED UNDER THE DOCTRINE OF RES JUDICATA.

¶9.    The first case in this trilogy, which was filed in Pearl River County Circuit Court, was styled "Steve R. Taylor, both individually and as guardian of the minor, Randell G. Taylor versus General Motors Corporation, Donald S. Taylor and Allstate Insurance Company," and was assigned cause number 96-0174 on the docket of that court. On April 7, 1997, Judge

5

Prichard entered an Order Denying Motion for Admission to Practice Pro Hac Vice,[5] and on the same date, Judge Prichard likewise entered an Order Granting Defendant's Motion to Dismiss as to Donald S. Taylor, because of the plaintiff's failure to obtain Rule 4 process upon Donald.[6] More specifically the circuit judge found that Steve had failed to effect proper process upon Donald within the required 120 days as set out in Miss. R. Civ. P. 4(h). While the dismissal order did not contain the language "with prejudice" or "without prejudice," the clear language of Miss. R. Civ. P. 4(h) states that such dismissal shall be "without prejudice."

¶10. It is clear as to what the issue was in ***Taylor I***. We find the following language in ***Taylor I***:

> Due to [the lawyer's] rejected affidavit, the trial court denied him admission to practice before the court in the instant matter and entered an order dismissing the complaint and cause of action. It is from this dismissal that Taylor appeals to this Court asserting the following issue:
>
> > **WHETHER THE TRIAL COURT'S DISMISSAL OF TAYLOR'S CAUSE OF ACTION, AS A PENALTY FOR HIS OUT-OF-STATE ATTORNEY'S FAILURE TO SUBMIT A PROPER AFFIDAVIT IN SUPPORT OF HIS MOTION TO APPEAR *PRO HAC VICE*, IS AN INAPPROPRIATELY EXTREME AND HARSH SANCTION WHEN TAYLOR IS REPRESENTED BY TWO DULY LICENSED MISSISSIPPI ATTORNEYS WHO HAVE PROPERLY ENTERED AN APPEARANCE IN THE CASE.**

717 So.2d at 748.

---

[5]This order not only denied the request of the plaintiff's attorney to be admitted to practice in this case pro hac vice, but also struck all pleadings and dismissed the case.

[6]Miss. R. Civ. P. 4.

¶11. On September 8, 1997, while **Taylor I** was pending on appeal before this Court, Steve and Donald filed in this Court a document entitled "Stipulation of Dismissal of Appellee, Donald S. Taylor [M.R.A.P. 42(b)]." The stipulation was signed by the attorneys for Steve and Donald and stated in pertinent part:

> COMES NOW the Appellant, Steve R. Taylor, and Appellee, Donald S. Taylor, and under M.R.A.P. 42(b) files this Stipulation to Dismiss Appellee, Donald S. Taylor, **with prejudice**, and costs being assessed to the Appellant.
>
> WHEREFORE PREMISES CONSIDERED, Appellant, Steve R. Taylor, and Appellee, Donald S. Taylor jointly move the Court to dismiss the Appeal, as pertains to this Appellee, and assess all costs to the Appellant.

(emphasis added). M.R.A.P. 42 provides the procedure for dismissing a party from an appeal:

> **(b) Dismissal in the Appellate Court**. After the appeal has been docketed with the clerk of the Supreme Court, *an appeal may be dismissed on motion of the appellant upon such terms as may be agreed upon by the parties or fixed by the Supreme Court* or, if the case has been assigned to the Court of Appeals, by the Court of Appeals. If the parties to an appeal or other proceeding or their attorneys agree that the proceeding be dismissed, they may file a joint motion to dismiss specifying the terms as to the payment of costs and that all fees have been paid.

(emphasis added).

¶12. Pursuant to the filing of this Stipulation, this Court entered the following Order, dated December 8, 1997, and filed on December 12, 1997:

> This matter came before a panel of this Court consisting of Prather, P.J., Pittman and McRae, JJ., on motion of appellee Donald Taylor to be dismissed from the appeal of this matter. Appellant has joined in the motion and the

7

remaining appellees have filed no objection.[7] The Court finds that the motion should be granted.

> IT IS THEREFORE ORDERED that the motion to dismiss be and is granted and that appellee Donald Taylor shall be dismissed as a party to this appeal upon entry of this order.

Although this Court, in its order dismissing Donald as a party to the appeal, did not indicate the dismissal was with prejudice, the stipulation clearly stated the parties agreed to dismiss Donald with prejudice. Therefore, pursuant to M.R.A.P. 42(b), the appeal was dismissed on the motion of the parties pursuant to the terms agreed upon in their stipulation. Those terms specifically included the dismissal of Donald from the appeal with prejudice.

¶13. With Donald no longer a party to the appeal in *Taylor I*, this Court, in due course, issued an opinion affirming the judgment of the circuit court, and concluded by stating:

> Therefore, the lower court's decision to dismiss this case is affirmed. However, the dismissal is without prejudice as to the claim of Taylor's minor son, against whom the statute of limitations, pursuant to Miss. Code Ann. § 15-1-59 (1995), does not begin to run until the son attains his twenty first birthday. The minor's claim remains viable for this time period should a determination be made to pursue the same.

717 So.2d at 750.

¶14. That is all well and good as to Randell's claims remaining viable under the savings clause, Miss. Code Ann. § 15-1-59 (1995). But Randell's claims could only be asserted as to those parties who might have potential liability. A party, who has been dismissed, with prejudice, such as Donald, has no further liability as to Steve or Randell as a result of the

---

[7]The appellant and remaining appellees to which reference is made in the order, as so noted in the style of the order, were "Steve R. Taylor, Both Individually and as Guardian of the Minor, Randell G. Taylor" and "General Motors Corporation, Donald S. Taylor and Allstate Insurance Company."

cause of action which accrued on July 22, 1993. Otherwise, what does the phrase "dismissal with prejudice" mean?

¶15. Steve Taylor appeared in the first lawsuit as "next friend" of Randell Taylor as authorized by Miss. R. Civ. P. 17(c). Once a minor, through competent representative and legal counsel has filed suit, he is bound by the actions of his representatives. A parent appearing as next friend has authority under Miss. R. Civ. P. 17(c) to enter into a stipulation, subject to approval by the court, which approval was given. As Steve and Randell have never denied the stipulation, or attacked it for fraud, mistake, accident or misrepresentation by an adverse party (Miss. R. Civ. P. 60), then Steve and Randell are stating to the Court that the stipulation was knowingly, correctly, knowledgeably entered into by a competent Mississippi counsel for Steve and Randell.

¶16. The effect of a consent judgment or decree has been addressed by this Court in holding that a "consent judgment acquires the incidents of and will be given the same force and effect as, judgment rendered after litigation." *Guthrie v. Guthrie*, 233 Miss. 550, 556-57, 102 So. 2d 381, 383 (1958). In addition, "consent judgments receive the same force as regular judgments, in binding parties under collateral estoppel and res judicata." *Id.*

¶17. Mississippi law on res judicata is well established. Generally, four identities are required to establish collateral estoppel, as well as res judicata: identity of the subject matter of the action, identity of the cause of action, identity of the parties to the cause of action, and identity of the equality or character of person against whom the claim is made. *Dunaway v. W.H. Hopper & Assocs., Inc.*, 422 So. 2d 749, 751 (Miss. 1982).

9

¶18. This third suit is based on the same accident as the earlier suit, by the same plaintiff against the same defendant, seeking the same relief for the same injuries in the same court. The only difference is that Randell Taylor is no longer a minor and has brought this suit on his own behalf. Donald has long ago been dismissed from this cause of action "with prejudice." As Donald's counsel so ably inquired in his brief, "Can the Appellant be faced with his signed Stipulation of Dismissal with prejudice and contend he is not bound by the strongest words in legal practice?"

¶19. The circuit court did not err in dismissing the suit by Randell based on res judicata.

**II. WHETHER THE CIRCUIT COURT COMMITTED ERROR IN FINDING THAT THE STATUTE OF LIMITATIONS HAD RUN IN AN ACTION WHERE A MINOR CHILD WAS THE INJURED PARTY.**

¶20. Because we find Randell's suit is barred under the doctrine of res judicata, this issue will not be addressed by this Court as it is moot.

## CONCLUSION

¶21. This Court finds the trial court did not err in dismissing this case based on Miss. R. Civ. P. 41(b) and res judicata. Therefore, the final judgment of dismissal entered by the Circuit Court of Pearl River County is affirmed.

¶22. **AFFIRMED.**

**PITTMAN, C.J., SMITH, P.J., WALLER AND EASLEY, JJ., CONCUR. COBB, J., CONCURS IN RESULT ONLY. DIAZ, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY McRAE, P.J., AND GRAVES, J.**

**DIAZ, JUSTICE, DISSENTING:**

10

¶23. The first suit brought in circuit court was dismissed as to Donald E. Taylor for failure of personal process and because the attorney for Randell G. Taylor did not qualify pro hac vice. Randell appealed this decision to this Court. Attorneys for Randell and Donald moved to dismiss Donald as a party to the appeal. This Court then rendered a decision which included only General Motors Corp. and Allstate Insurance Co. as appellees finding that the trial court had properly dismissed the case, ***without prejudice***, because Randell's attorneys had failed to qualify pro hac vice. ***Taylor v. Gen. Motors Corp.***, 717 So.2d 747 (Miss. 1998) (***Taylor I***). The stipulation agreement entered into by Randell's father, on Randell's behalf, and Donald under M.R.A.P. 42(b) only dismissed Donald as a party in the appeal.

¶24. This Court dwells on the fact that the agreement stated that Donald was to be dismissed with prejudice, but the order issued by this Court granting the stipulation says nothing about whether the dismissal was with or without prejudice. This question of whether the stipulation or order is controlling should have no effect on this suit because this case was brought in circuit court, not an appeals court. The comment to Rule 42(b) notes that once an appeal is voluntarily dismissed, no further appeal may be brought, but this suit was not an appeal.

¶25. Moreover, even if it did have an effect, it would still not bar this suit because the "stipulation agreement" Donald relies upon including the language "with prejudice" is, in reality, merely a motion to dismiss presented to this Court pursuant to M.R.A.P. 42(b). The order which dismisses Donald as a party to that appeal makes no mention of whether the dismissal was with or without prejudice. The comment to Rule 42(b) recognizes, "an

11

appellant's right to dismiss an appeal is not absolute, but subject to the discretion of the court." *See also* **Wolf v. Miss. Valley Trust & Co.**, 130 Miss. 144, 93 So. 581 (1922). Although the majority's argument that "the appeal was dismissed on the motion of the parties pursuant to the terms agreed upon in their stipulation" was modeled after the language of Rule 42(b), that rule also includes the language "upon such terms as may be agreed upon by the parties *or as fixed by the Supreme Court.*" (emphasis added).

¶26.    This suit is simply the suit Randell was entitled to bring because his first case was dismissed without prejudice pursuant to M.R.C.P. 4(h), and because his attorney did not qualify pro hac vice, which this Court determined was also without prejudice. By concluding that Randell could bring suit against General Motors and Allstate and not Donald, the majority says in effect, that the law applies differently to people although the first suit was dismissed against all parties for the same reason.

¶27.    Furthermore, since Randell's suit was not barred under the doctrine of res judicata, the question of whether the statute of limitations has run must be addressed. Randell was fifteen years old when the accident occurred. He turned twenty-one on September 22, 1999. Donald argues, and the circuit court found, that the statute of limitations was not tolled because Randell's father filed suit on Randell's behalf.

¶28.    Miss. Code Ann. § 15-1-59 (1995) provides:

> If any person entitled to bring any of the personal actions mentioned shall, at the time at which the cause of action accrued, be under the disability of infancy or unsoundness of mind, he may bring the actions within the times in this chapter respectively limited, after his disability shall be removed as provided by law. However, the saving in favor of persons under disability of unsoundness of mind shall never extend longer than twenty-one (21) years.

12

The statute does not state that the statute of limitations will not be tolled if the minor is represented by a next friend or guardian. Furthermore, in ***Taylor I***, this Court specifically found that:

> the dismissal is without prejudice as to the claim of Taylor's minor son, against whom the statute of limitations, pursuant to Miss. Code Ann. § 15-1-59 (1995), does not begin to run until the son attains his twenty first birthday. The minor's claim remains viable for this time period should a determination be made to pursue the same.

717 So.2d. at 750.

¶29. The agreed statute of limitations for this cause of action is three years. Miss. Code Ann. § 15-1-49 (1995). As Randell turned twenty-one in September 1999, the statute of limitations began running three years from that date. Randell filed the current suit against Donald in October 2000, well within the required period of time. Thus, this suit is not barred by the statute of limitations either.

¶30. For these reasons, I respectfully dissent.

**McRAE, P.J., AND GRAVES, J., JOIN THIS OPINION.**