ROBERTS, J.,
dissenting:
¶ 21. Today’s case is a simple one. In the scheme contained in the Mississippi Uniform Post-Conviction Collateral Relief *325 Act, when a prisoner seeks a collateral attack on his conviction or sentence, he must commence his attack in the court that last had jurisdiction over his conviction and sentence. Martin v. State, 556 So.2d 357, 359 (Miss.1990). The court that last exercises jurisdiction has original, exclusive jurisdiction to entertain any attempt at a collateral attack. Id. In Antonio Williams’s case, that court was, most definitely, the Mississippi Supreme Court and not the Hinds County Circuit Court. Unfortunately, it is clear from the record before us that Williams knew this, but he attempts an end-run by filing his motion for post-conviction relief (PCR) in the circuit court without first obtaining permission from the supreme court. As such, the circuit court was without jurisdiction to entertain Williams’s PCR motion. The majority affirms the circuit court’s dismissal of Williams’ PCR motion on the merits; however, I would vacate the circuit court’s judgment and remand the case to the circuit court to dismiss for lack of jurisdiction. Therefore, I dissent.
¶ 22. On December 8, 1987, a jury in the circuit court found Williams guilty of murder. Williams v. State, 566 So.2d 469, 470 (Miss.1990). Having been found a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2000), Williams was sentenced to life imprisonment without the eligibility for parole. Id. at 470-471. Williams appealed to the supreme court. The supreme court affirmed both Williams’s conviction and sentence. Williams, 566 So.2d at 472 (Miss.1990). On November 6, 2003, in response to Williams’s application for leave to proceed with his PCR motion in the circuit court, the supreme court entered an order denying his application. Williams again filed an application with the supreme court for leave to file a successive PCR motion in the circuit court on October 20, 2006. This application was, once again, denied by the supreme court by written order filed on November 15, 2006.
¶ 23. Undeterred by the supreme court’s two previous dismissals of his attempt to gain permission to file a PCR motion in the circuit court as required by Mississippi Code Annotated section 99-39-7 (Supp.2010), Williams attempted an end-run around this requirement by filing his current PCR motion in the circuit court in April 2009. On the face of his motion, Williams conveniently fails to mention his appeal and affirmance by the supreme court. Moreover, he swears under oath that “[tjhere have been no prior proceedings in any court State o[r] Federal on the issues presented in this instant motion.” The circuit court denied Williams’s PCR motion; it is from this denial that Williams appeals.
¶ 24. It is well settled that when there is an issue regarding jurisdiction not raised by either party, it is the duty of the appellate court to raise the issue on its own motion. Winborn v. State, 213 Miss. 322, 323, 56 So.2d 885, 885 (1952); Drummond v. State, 184 Miss. 738, 185 So. 207, 209 (1938). I must note that just recently, on April 19, 2011, this Court unanimously vacated and remanded another inmate’s PCR appeal under almost identical circumstances. In Willie v. State, — So.3d - (¶4) (Miss.Ct.App. 2011), we found that “[ajlthough neither party raised the jurisdictional issue in its brief, it is well established that it is ‘[t]he duty of this Court to raise the question which involves jurisdiction, on its own motion[.]’ ” (quoting Slater v. Bishop, 251 Miss. 306, 308, 169 So.2d 465, 467 (1964)). The majority claims “[f]or the sake of judicial economy, we decline to place the unreasonable burden upon this Court to search out every issue not raised by either party.” While I acknowledge that searching the records of this Court and its clerk’s office can be *326 difficult and frustrating at times, when jurisdictional issues exist, such a search is essential. Failure to do so could prove embarrassing, if not disastrous. Consider Williams’s case as an example. The supreme court validated Williams’s murder conviction and sentence when it affirmed both in 1990. The mandate issued. Consider, for the sake of argument, that this Court found Williams’s ineffective-assistance-of-counsel claim meritorious. We set aside his conviction or sentence and remand the case for a new trial. Upon certiorari review, no doubt could exist that this Court would be reversed since the supreme court has never granted Williams permission to make a collateral attack on his conviction or sentence. Such outcome is not, I submit, consistent with judicial economy.
¶ 25. Pursuant to Mississippi Code Annotated section 99-39-7, before Williams may file a PCR motion in the circuit court, he must first obtain the permission of the supreme court. The statute reads in pertinent part:
Where the conviction and sentence have been affirmed on appeal or the appeal dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the Justices of the Supreme Court of Mississippi, convened for said purpose either in term time or in vacation, and an order granted allowing the filing of such motion in the trial court.
Id. (emphasis added).
¶ 26. This Court has held that: “[Wjhen a defendant has raised issues that are considered and rejected on direct appeal, the defendant must obtain the permission of the supreme court in order to file a[PCR] motion in the circuit court.” Lacy v. State, 821 So.2d 850, 852 (¶ 6) (Miss.Ct.App.2001). Therefore, Williams should have obtained the permission of the supreme court before filing his PCR in the circuit court because “the court to last exercise jurisdiction in the case has exclusive, original jurisdiction over the [PCR motion].” Martin, 556 So.2d at 359 (emphasis added).
¶ 27. It is clear that Williams’s murder conviction and sentence were affirmed by the supreme court in 1990. This action makes the supreme court the last court to exercise jurisdiction over the case; thus, it retained exclusive jurisdiction over the current PCR motion. The statute clearly requires Williams to obtain permission from the supreme court to file his PCR motion in the circuit court; however, the record before us is simply devoid of any such request from Williams or any order from the supreme court indicating he was given permission to file his current PCR motion in the circuit court. In fact, the records in the supreme court clerk’s office relevant to Williams’s murder conviction, of which we take judicial notice, only contain Williams’s previous requests for permission and the subsequent denials of permission by the supreme court. It is clear from Williams’s prior requests that he was fully aware of the statute’s requirement that he seek permission from the supreme court. By filing his PCR motion directly with the circuit court, he is in blatant disregard of the statute’s requirements.
¶ 28. Further, Williams’s current PCR motion does not comply with Mississippi Code Annotated section 99-39-9 (Supp. 2010), which outlines the content required in PCR motions. The statute reads in pertinent part:
A motion under this article shall name the State of Mississippi as respondent and shall contain the following:
(f) The identity of any previous proceedings in federal or state courts *327 that the petitioner may have taken to secure relief from his conviction and sentence.
Miss.Code Ann. § 99 — 39—9(l)(f).
¶ 29. Generally, pro se motions will not be avoided based on “inartfully drafted pleadings”; however, this Court has held that pro se “post-conviction petitions must meet the dictates of section 99-39-9 of the Mississippi Code.... ” Winston v. State, 893 So.2d 274, 275 (¶ 4) (Miss.Ct.App. 2005). Although required by statute, Williams’s PCR motion does not indicate that he had directly appealed his conviction and sentence to the supreme court, nor does it indicate that he previously filed any requests with the supreme court for permission to file his PCR motion in the trial court. He certainly does not mention that the supreme court had twice previously denied him permission. Williams’s failure to provide all required information in his PCR motion should have resulted in its dismissal by the circuit court.
¶ 30. Because Williams failed to obtain permission from the supreme court to file his PCR motion in the circuit court, the circuit court did not have jurisdiction to decide his motion on the merits. I find that the circuit court should have dismissed Williams’s PCR motion without prejudice. If Williams obtains permission from the supreme court to file his PCR motion, he may proceed in the circuit court.
GRIFFIS, P.J., BARNES AND MAXWELL, JJ„ JOIN THIS OPINION.