KING, Justice,
concurring in part and dissenting in part:
¶ 23. Because I disagree that we have the jurisdiction to address The Power Broker’s appeal regarding its Motion to Com *1168 pel Arbitration, I respectfully dissent from that portion of the majority.[7]
¶ 24. In 2006, Wolgin purchased a condominium in Jackson County, Mississippi, from Ante Bellum, LLC. The broker for the sale was The Power Broker, Inc. Wol-gin’s contract for sale and purchase of the condominium contained a broad mandatory arbitration clause requiring arbitration for “any controversy, claim, action or inaction arising out of, or relating to, the ‘purchase’ set out herein.”
¶ 25. The Power Broker filed a Motion to Compel Arbitration. At the hearing on the motion, the parties’ arguments centered around whether and which allegations in the complaint related to the purchase. Wolgin argued that some of the claims in the complaint centered around a property management contract, not the purchase contract. At the hearing, the chancellor stated:
I think I am compelled to compel arbitration. The difference here is you all have not done enough.... There has not been enough done to develop what is and what is not in the arbitration because of the word purchase that is used and put in quotes....
... I am going to sustain your motion as to compelling arbitration but I am staying the arbitration. I want you [sic] stay that until you develop what is and what isn’t. The management contract will not be subject to the arbitration, whether it is orally, written, or otherwise. It will not be subject, but the purchase will be. You have to determine which is and which isn’t. I want y’all to develop it.
... You have to be able to tell me what the word purchase applies to....
... I am granting the arbitration but I am staying it. You are enjoined from proceeding with arbitration until you conduct some discovery.
In its June 22, 2010, written order disposing of several motions, including the instant Motion to Compel, the court stated that “the Motion for arbitration is granted in part and denied in part. It is granted to the extent that the parties are directed to do discovery on what part of the transaction involves a purchase. The arbitration is stayed, pending for six (6) months, from June 7, 2010.” The Power Broker appealed from the June 22, 2010, order, arguing that the court should have simply compelled arbitration with respect to all of Wolgin’s claims against it.
¶ 26. Regardless of the merits of The Power Broker’s arguments, I believe that this Court lacks jurisdiction over this appeal, as it is interlocutory, and The Power Broker did not seek permission for an interlocutory appeal under Mississippi Rule of Appellate Procedure 5.[8] The Power Broker states that this appeal is proper under Tupelo Auto Sales, Ltd. v. Scott, 844 So.2d 1167 (Miss.2003), as an order denying its motion to compel arbitration. Wol-gin does not contest jurisdiction. “Though the right of the appellant to appeal is not contested by appellees, it is nevertheless the duty of this Court to raise the question which involves jurisdiction, on its own motion, of whether this appeal from the interlocutory decree will lie.” Slater v. Bishop, 251 Miss. 306, 169 So.2d 465, 467 (1964). When an order that does not dispose of all claims of all parties and issues is not the subject of a Rule 54(b) certificate, the or *1169 der is interlocutory. M.W.F. v. D.D.F., 926 So.2d 897, 900 (Miss.2006). If this Court does not grant permission for an interlocutory appeal, it lacks jurisdiction to consider the appeal. Id.
¶ 27. In Tupelo Auto Sales, this Court adopted the procedure of the Federal Arbitration Act in allowing a direct appeal to be taken from an order denying a motion to compel arbitration. Tupelo Auto Sales, 844 So.2d at 1170. It is upon this premise that The Power Broker bases its right to appeal, because the trial court’s order stated that it “denied in part” the motion. This Court expanded that premise in Sawyers v. Herrin-Gear Chevrolet Company, Inc., finding that “any final decision with respect to arbitration is appealable to this Court pursuant to [Mississippi Rules of Appellate Procedure] 3 and 4.” Sawyers v. Herrin-Gear Chevrolet Co., Inc., 26 So.3d 1026, 1034 (Miss.2010)(emphasis added). This Court analyzed the meaning of “final decision” and found that “an order compelling arbitration which disposes of all the issues before the trial court or orders the entire controversy to be arbitrated is a final decision.” Id. (emphasis added). The Court emphasized that “when binding arbitration is compelled, there is nothing left for the court to do but enforce the award.” Id. at 1032; see also id. at 1033-34 (“the trial court has nothing left to do but supervise compliance with an order for arbitration or enforce an arbitration award-Thus, ‘[t]here is nothing interlocutory about an order compelling arbitration that does all the court has to do.” ’ (citations omitted) (alterations in original)).
¶ 28. In this case, the trial court stated that it was granting the motion in part, denying it in part, staying arbitration, and ordering discovery.[9] The substance of the court’s order is that it did not make a final decision on the motion to compel arbitration. The court acknowledged that it must compel arbitration at least in part, but determined that it could not ascertain the proper scope of arbitration without more information, and thus ordered discovery. The court did not state which claims it was sending to arbitration or which claims it would retain, if any.[10] It merely asked for more information with which to make its decision as to the scope of the arbitration. No final decision was made, as the trial court has decisions left to make regarding the motion to compel arbitration. Rather, the court made the decision to order discovery so that it could finalize its decision on the motion to compel. Such an order is interlocutory.
*1170 ¶ 29. Without citation to authority, the writer of the majority opinion has unilaterally declared, “[n]o authority existed for the trial court to ‘gran[t] the arbitration but ... sta[y] it.’ Furthermore, once arbitration was granted, there is no authority to grant discovery.” This Court has not ruled on the question of whether a trial court may grant arbitration, stay it, and order discovery. Indeed, there is no indication that this issue has ever been discussed by this Court. There does appear to be authority in the federal court system, which is contrary to the majority writer’s unilateral declaration. See, e.g., Henggeler v. Brumbaugh & Quandahl, P.C., LLO, 2012 WL 762103, No. 8:11CV334 (D.Neb. March 7, 2012) (allowing discovery on the existence and scope of an arbitration agreement prior to ruling on a motion to compel arbitration); see also In re Houston Pipe Line Co., 311 S.W.3d 449 (Tex.2009)(the Texas Arbitration Act allows the trial court to conduct discovery regarding the scope of an arbitration provision).
¶ 30. The Power Broker asks this Court to find that all of Wolgin’s claims are encompassed by the arbitration provision because all are related to the purchase of the condominium. Whether all or only some of Wolgin’s claims are related to the purchase is a decision that the trial court has yet to make. This Court should not determine issues upon which a trial court has not ruled. See Management, Inc. v. Crosby, 186 So.2d 466 (Miss.1966).
¶ 31. Despite the fact that the court’s order stated that it granted the motion to compel arbitration in part and denied it in part, in substance, the court has not yet determined what it will grant or deny. While The Power Broker relies on the court’s “denial in part” of its motion to avail itself of this Court’s jurisdiction, this Court does not have the benefit of knowing what, if anything, the trial court denied. The trial court is still in the process of determining the scope of the arbitration. Thus, this appeal is interlocutory, and as permission for an interlocutory appeal was not sought, this Court does not have jurisdiction over this appeal and should dismiss it. “[T]he attempt to appeal an unappeala-ble order is a total departure from the orderly administration of justice and cannot and should not be approved.” Pipkin v. State, 292 So.2d 181, 182 (Miss.1974). Therefore, The Power Broker’s appeal should be dismissed for lack of jurisdiction. For this reason, I dissent from the majority on this issue.
KITCHENS AND CHANDLER, JJ., JOIN THIS OPINION. WALLER, C.J., JOINS IN PART.

. I agree with the majority in its determination that Wolgin’s claims against Experian and Trans Union are preempted by the FCRA.

. I do not disagree with the majority’s analysis of the appeal on the merits, only with the assessment that we have the jurisdiction to address the merits in the first place.

. In its footnote 5, the majority attempts to color over the fact that the trial court made no final decision on arbitration. As a part of that effort, the majority states that "[t]his Court has stated that direct appeal remains the sole procedure for this Court’s review of the trial court’s judgment on the motion to compel arbitration.” That assertion would be true if the trial court had completed its work on this matter and sent it on for arbitration. The problem with which this Court is faced is that even a cursory reading of the trial court’s order reveals that, in actual substance, the trial court did not make any final decision to grant or deny anything, in whole or in part. The trial court ordered discovery in order that it might be in a position to determine what its decision would be. The trial court did not end its work and send this matter on to arbitration. It is true that final decisions on arbitration are appealable judgments. However, it is not true that tentative or interlocutory decisions on arbitration are final and appealable judgments.

. To illustrate that the trial court did not make any final decision, we may ask the following questions: Which claims did the trial court send to arbitration? Which claims did it retain for its own determination? These questions cannot be answered because the trial court has yet to send anything to arbitration or retain any portion of the claims for its own determination.